**Barbara Lynn PHILLIPS, Petitioner—Appellant,**

v.

**Gloria A. HENRY, Warden, Respondent—Appellee.**

No. 03–56648.

D.C. No. CV–02–00406–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided May 4, 2005.

George L. Schraer, Esq., San Diego, CA, for Petitioner–Appellant.

Alana Cohen Butler, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before WALLACE, T.G. NELSON, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Barbara Lynn Phillips appeals the district court's denial of her 28 U.S.C. § 2254 petition, in which she alleged a violation of her right to self-representation under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Phillips contends that the California Court of Appeal's decision that the trial court did not err in denying her request for self-representation on the grounds that it was equivocal under the circumstances was contrary to *Faretta.* Because we hold, under AEDPA's standard, that the state court's decision was not an unreasonable interpretation of clearly established federal law, we affirm. 28 U.S.C. § 2254(d)*; see also Williams v. Taylor,* 529 U.S. 362, 381–82, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Phillips moved to represent herself at a pretrial hearing on September 11, 1998. At that time, she was provided with a "Petition to Proceed in Propria Persona" form. Before signing the form, Phillips asked the court about the part of the form stating that she would be proceeding without counsel. She explained that she would need some sort of assistance since she was in custody. The trial judge told Phillips that when a person represents herself, it is without counsel, but that on some occasions advisory counsel and investigators could be appointed to assist a defendant. Phillips then signed the form. Immediately thereafter, the trial court engaged Phillips in a colloquy to ascertain whether she was knowingly and intelligently relinquishing her Sixth Amendment right to counsel:

> THE COURT: ... Miss Phillips, you have asked the Court to consider your request to excuse your attorney and represent yourself in pro per. Do you understand that a true in pro per status means that you do not have an attorney at all? Do you understand that?
>
> DEFENDANT PHILLIPS: Yes, Your Honor.
>
> THE COURT: Okay. Is that what you want?
>
> DEFENDANT PHILLIPS: Well, it's not actually what I want. But I don't have a choice at this moment.
>
> THE COURT: What do you want?
>
> DEFENDANT PHILLIPS: I wanted another attorney, period.
>
> THE COURT: You wanted another attorney?
>
> DEFENDANT PHILLIPS: I filed two *Marsden* hearings [sic]. They were denied. I filed an appeal in the 4th Appellate Court. It was denied. So my only other option is to go pro per. And my mother is working on private counsel, but she hasn't raised the money yet.
>
> THE COURT: Okay. Of course, if you get private counsel, that would be your first choice. Right?
>
> DEFENDANT PHILLIPS: Yes.

Later in the colloquy the trial court asked Phillips if she felt qualified to represent herself. Phillips responded that she did not. The court then denied Phillips' *Faretta* motion.

After she was sentenced on March 23, 2000, Phillips filed a notice of appeal from the judgment. The California Court of Appeal, relying upon Phillips' statements to the trial court, held that the trial court did not err in denying her *Faretta* motion. The Court of Appeal concluded that Phil-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lips' request was equivocal because "the record indicates that defendant wanted to be represented by counsel—not that she wanted to represent herself."

AEDPA authorizes habeas corpus relief only where a state court decision either resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established" Supreme Court law. 28 U.S.C. § 2254(d)(1). "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.... The state court's application must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520–21, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 407, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

Analyzing Phillips' *Faretta* request under this standard, we conclude that the California Court of Appeal's decision was not "contrary to, or ... an unreasonable application of," *Faretta*. 28 U.S.C. § 2254(d)(1). It is settled law that a request to represent oneself must be unequivocal. *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525. Although in *Adams v. Carroll*, 875 F.2d 1441 (9th Cir.1989) we held that a petitioner's conditional *Faretta* request was not equivocal, neither we nor the Supreme Court have held that a conditional *Faretta* request is *always* unequivocal. Regardless whether we view Phillip's request as conditional and unequivocal, we cannot say that the California Court of Appeal was unreasonable when it found, on the basis of Phillips' objective actions and statements, that she was equivocating between representing herself and continuing with court-appointed counsel until her mother raised the funds to hire counsel of

her choice, which was in fact ultimately what happened.[1] Accordingly, the district court's denial of Phillips' habeas petition is affirmed.

Judge T.G. Nelson concurs in the result.

AFFIRMED.

---

1. Because we hold that the Court of Appeal's decision was not "objectively unreasonable," we need not reach the issue of whether a *Faretta* violation can ever be cured.