**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2012

No. 10-30802

Lyle W. Cayce
Clerk

MARSHALL BATCHELOR,

Petitioner - Appellee

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellant

Appeal from the United States District Court for the
Western District of Louisiana

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

DENNIS, Circuit Judge:

This is an appeal from the district court's grant of habeas relief under 28 U.S.C. § 2254. Months before his criminal trial, petitioner-appellee Marshall Batchelor moved to dismiss his appointed counsel in exercise of his constitutional right to represent himself under *Faretta v. California*, 422 U.S. 806 (1975). The state trial court denied the motion and Batchelor was subsequently convicted by a jury of armed robbery and sentenced to sixty years of imprisonment. On direct appeal, a state appellate court reversed the conviction due to the denial of Batchelor's right to self-representation, but the court then granted rehearing, and a five-judge panel affirmed Batchelor's

No. 10-30802

conviction and sentence.    Batchelor subsequently filed a habeas corpus application in federal district court under § 2254, and the court granted relief.

We conclude that Batchelor made a clear and unequivocal invocation of his Sixth Amendment right to represent himself and that the state trial court erroneously denied his request in violation of *Faretta*.  *See* 28 U.S.C. § 2254(a). The state argues that the state appellate court implicitly found that Batchelor waived his right to represent himself after asserting it and reasonably denied Batchelor's claim on that basis.  We conclude, however, that the state court's implicit finding of waiver was unreasonable in light of the evidence presented in the state court proceeding.  *See id.* § 2254(d)(2).  We therefore AFFIRM the district court's grant of habeas relief.

## I.

Batchelor was arrested in June 1998 and charged with robbing a pizza delivery driver and beating him so badly that he suffered permanent brain damage.  On October 14, 1999, long before trial, Batchelor filed a pro se "Motion for Dismissal of Counsel."  The two-page, legibly handwritten motion stated, in pertinent part:

> The defendant moves this Honorable Court to dismiss counsel. . . . Pursuant to Faretta vs the State of California a Supreme Court Decision, the defendant has a constitutional right to represent himself. . . . Defendant avers that his request to dismiss counsel is being made with sound-mind with his eyes opened. . . . Defendant further prays that this Honorable Court allow him to proceed pro se in this matter with standby counsel only.

At some point that same day, the trial court attempted to hold an arraignment, but Batchelor's appointed counsel, Michael Kelly, failed to attend. The court asked Batchelor if he wanted to enter a plea despite Kelly's absence. Batchelor declined, saying, "I rather not say unless I have a presence of counsel [sic]."  The following month, the arraignment took place with Kelly present, and

2

No. 10-30802

Batchelor pleaded not guilty to all charges.  Batchelor's *Faretta* motion was not discussed at either of these appearances.

On February 7, 2000, the trial court held a hearing at which several motions were addressed, including Batchelor's *Faretta* motion.  The prosecutor spoke first, in a way that indicated that he erroneously thought Batchelor had moved to replace his appointed counsel rather than to proceed pro se.  Kelly clarified the nature of Batchelor's motion: "[Batchelor] is not necessarily asked [sic] that counselor be totally released, but that he have stand aside counsel to assist him throughout the proceedings."  The court indicated that it shared this understanding of the motion: "You mean that he would represent himself and have you stand beside him during that time?"  Kelly responded, "Yes, sir, for whatever questions or pointers of law, issues as it relates, whatever procedural devices that he may be — that may be warranted."  Before ruling, the court asked Batchelor if he had anything to say.  He responded, "No, sir."  The court then denied the motion and gave its reasons for doing so: "Court is going to deny your motion to dismiss counsel.  This matter has been set for trial on March the 20th.  I believe that everything is now on track and Mr. Kelly is certainly well capable of mounting a defense on your behalf.  I think everything is on track now, and we can proceed."

The trial, with Batchelor represented by Kelly, ultimately did not begin until November 2000.  The issue of Batchelor's representation was raised again by Batchelor and Kelly in motions filed on the eve of trial.  First, on November 27, 2000, Kelly filed a "Motion to Appoint Counsel," in which Kelly averred that he had discovered on November 21 that Batchelor had filed a state bar disciplinary complaint against him.  Kelly's motion asserted that this complaint created a conflict of interest and requested that the court appoint co-counsel or substitute counsel to represent Batchelor.  At a hearing on November 27, the court denied Kelly's motion. Separately, Batchelor filed a second pro se *Faretta*

3

No. 10-30802

motion, which was nearly identical to his October 14, 1999 motion.  That motion was signed on November 21, 2000, but not filed until November 29.  The trial court addressed this motion on November 29, the first day of trial, after the prosecution had called several witnesses.  Kelly stated that it was "the same motion that has already been ruled upon by the Court, and in fact, is not a new motion," and Batchelor agreed that this was correct.  The trial court made a notation that the motion had already been denied on November 27. With respect to this exchange, the district court stated that it could "only speculate that Batchelor meant to say that the [trial] court had denied this motion on February 7, 2000, while the [trial] court believed that it had ruled on the motion at the November 27, 2000 hearing." *Batchelor v. Cain*, Civil Action No. 07-1623, 2010 WL 3155985, at *7 n.4 (W.D. La. Aug. 9, 2010).  In any event, the present appeal turns on the state trial court's denial of Batchelor's initial *Faretta* request on February 7, 2000 and the state appellate court's rejection of Batchelor's challenge to that ruling, rather than on the denial of this much later renewal of that request.

After the trial, the jury convicted Batchelor of armed robbery and the court sentenced him to sixty years of imprisonment.  Batchelor appealed his conviction and sentence to the state appellate court and argued, in a pro se brief, that the trial court violated his right to represent himself when it denied his October 14, 1999 *Faretta* motion, "even though [he] filed [it] six months before trial," without "conduct[ing] any or a more sufficient hearing to decide whether . . . [he] was literate, competent, and understanding, or to see if [he] was voluntarily exercising his right's on his own free will [sic]."

On direct appeal, a three-judge panel of the state appellate court reversed the conviction, holding that the trial court had violated Batchelor's right to self-representation when it denied his *Faretta* motion at the February 7, 2000 hearing.  *State v. Batchelor*, 823 So. 2d 367, 372-73 (La. App. 2d Cir. 2002)

No. 10-30802

(majority opinion of Norris, C.J.) ("Batchelor first filed his written motion to dismiss counsel and represent himself on October 14, 1999. . . . Batchelor specifically cited *Faretta* and claimed the constitutional right to represent himself, stating that he desired to proceed *pro se* with stand-by counsel only, and that he was making this request 'with his eyes opened.' Batchelor clearly and unequivocally declared his desire to exercise his Sixth Amendment right to represent himself. . . . The motion was heard in open court February 7, 2000, at which time trial was set for March 20, 2000. . . . [T]he trial court did not conduct any meaningful inquiry to determine if Batchelor was competent to waive his right to counsel[] . . . [before it] denied his motion. . . . Because we find that the trial court made no meaningful effort to inform Batchelor of the consequences of proceeding without counsel, . . . or determine whether [his] waiver of counsel was 'intelligent and voluntarily made,' we must reverse the conviction and sentence . . . ."). One judge dissented, arguing that at the November 29, 2000 "hearing[,] . . . like at the hearing on February 7, 2000, . . . [Batchelor] never mentioned a desire for self-representation. Clearly this was a delaying tactic. The court did not deny a request for self-representation . . . . Under these circumstances, I question whether [Batchelor] sought self-representation and, if he did, it was implicitly waived." *Id.* at 374 (Brown, J., dissenting). The state petitioned for rehearing and the court granted rehearing by a five-judge panel.

By a three-to-two vote, the rehearing panel affirmed Batchelor's conviction and sentence. *Id.* at 374-77 (majority opinion of Brown, J., on rehearing). The two judges who had formed the majority of the original three-judge panel dissented. *Id.* at 378-80 (Norris, C.J., dissenting). The rehearing majority focused on whether the trial court erred in denying Batchelor's November 29, 2000 *Faretta* motion. *Id.* at 375-377. Of that request, the court wrote: "Assuming . . . that he did seek to represent himself, [Batchelor]'s vacillation between wanting to be represented by counsel and desiring to undertake his own

5

defense, together with his failure to specifically assert this right at the November 27 hearing, constitutes an implicit waiver of his request." *Id.* at 377. The court mentioned Batchelor's October 14, 1999 *Faretta* motion only in a footnote, stating that "[t]he [trial] court did not address any request for self-representation [at the February 7, 2000 hearing] nor did defendant personally argue for such when given the opportunity to do so." *Id.* at 375 n.2.

The Louisiana Supreme Court denied certiorari. Subsequently, Batchelor filed an application for state post-conviction relief, which was denied by the trial court. Batchelor then filed writ applications with the state appellate court and the Louisiana Supreme Court, which were denied in turn. Having exhausted the remedies available in the Louisiana courts, *see* 28 U.S.C. § 2254(b)(1), Batchelor timely filed a federal habeas application in district court, *see id.* § 2244(d). The district court granted Batchelor's habeas petition on the ground that the state trial court wrongly denied his request to represent himself in violation of *Faretta*:

> Batchelor clearly asserted his right to represent himself, not once but twice. . . . Neither Batchelor's attorney, the district attorney, nor the district court treated the motion as having been abandoned. Batchelor's attorney argued the motion for him and offered to serve as standby counsel . . . and the [trial] court denied the motion without any inquiry into Batchelor's competency to waive counsel. . . . [T]he [state appellate court]'s . . . [decision] to, in effect, treat the motion as abandoned was an unreasonable application of Federal law.

*Batchelor v. Cain*, Civil Action No. 07-1623, 2010 WL 3155985, at *7 n.4 (W.D. La. Aug. 9, 2010). The district court's judgment would vacate and set aside Batchelor's conviction and order the state to either release him or grant him a new trial within 120 days. The state timely appealed, and the district court stayed its judgment pending appeal.

No. 10-30802

## II.

We review the district court's conclusions of law de novo.  *E.g.*, *Foster v. Quarterman*, 466 F.3d 359 (5th Cir. 2006).  We "may affirm a district court's decision on any basis supported by the record." *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007).  Here, although the district court concluded that the writ may issue because the state appellate court's decision "was an unreasonable application of Federal law," *Batchelor*, 2010 WL 3155985, at *7; *see* 28 U.S.C. § 2254(d)(1), we affirm the grant of habeas relief on the basis that the state appellate court's decision "was based on an unreasonable determination of the facts," *see id.* § 2254(d)(2).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prevents a federal court from granting habeas relief to a state prisoner

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Under § 2254(d)(2), "[i]t is not enough to show that a state court's decision was incorrect or erroneous.  [Rather, a] petitioner must show that the decision was objectively unreasonable, 'a substantially higher threshold[,]'" requiring "the petitioner [to] show that 'a reasonable factfinder *must* conclude' that the state court's determination of the facts was unreasonable." *Blue v. Thaler*, 665 F.3d 647, 654 (5th Cir. 2011).  Additionally, under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and that presumption must be rebutted "by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  The standard that §§ 2254(d)(2) and (e)(1) impose is "demanding but not insatiable," such that

No. 10-30802

"'[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (alteration in original) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).  In the absence of guidance from the Supreme Court, *see, e.g.*, *Wood v. Allen*, 130 S. Ct. 841, 849 (2010), this court has described the relationship between these two provisions as follows:

> Whereas § 2254(d)(2) sets out a general standard by which the district court evaluates a state court's specific findings of fact, § 2254(e)(1) states what an applicant will have to show for the district court to reject a state court's determination of factual issues. For example, a district court may find by clear and convincing evidence that the state court erred with respect to a particular finding of fact, thus rebutting the presumption of correctness with respect to that fact. *See* § 2254(e)(1).  It is then a separate question whether the state court's determination of facts was unreasonable in light of the evidence presented in the state court proceeding. *See* § 2254(d)(2). Thus, it is possible that, while the state court erred with respect to one factual finding under § 2254(e)(1), its determination of facts resulting in its decision in the case was reasonable under § 2254(d)(2).

*Valdez v. Cockrell*, 274 F.3d 941, 951 n.17 (5th Cir. 2001); *see also Blue*, 665 F.3d at 654 ("The clear-and-convincing evidence standard of § 2254(e)(1) — which is 'arguably more deferential' to the state court than is the unreasonable-determination standard of § 2254(d)(2) — pertains only to a state court's determinations of particular factual issues, while § 2254(d)(2) pertains to the state court's decision as a whole." (footnotes omitted)).

Under AEDPA, we review "the last reasoned state court decision." *See, e.g.*, *Wood v. Quarterman*, 491 F.3d 196, 202 (5th Cir. 2007).  Here, we review the state appellate court's rejection of Batchelor's claim that the trial court violated his right to self-representation when it denied his *Faretta* motion at the February 7, 2000 hearing.

Finally, the denial of the right to self-representation constitutes a structural error that is not subject to harmless error review and instead requires

No. 10-30802

automatic reversal. *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984) ("Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless."); *see United States v. Gonzalez-Lopez*, 548 U.S. 140, 148-49 (2006) (listing "the denial of the right of self-representation" as a "structural defect" (citing *McKaskle*, 465 U.S. at 177-78)); *see also Neder v. United States*, 527 U.S. 1, 8 (1999).

## III.

In *Faretta*, the Supreme Court announced that the right of a criminal defendant to represent himself at trial is implicit in the structure of the Sixth Amendment, and applies to state court proceedings through the Fourteenth Amendment. 422 U.S. at 818-21. The Court determined that this right was violated where, "weeks before trial, Faretta clearly and unequivocally declared to the judge that he wanted to represent himself and did not want counsel," and Faretta's request was nonetheless denied by the trial court. *Id.* at 835. The Court explained:

> It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts. But where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly. . . . Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."

*Id.* at 834-35. Additionally, the Court stated that "a State may — even over objection by the accused — appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in

9

No. 10-30802

the event that termination of the defendant's self-representation is necessary." *Id.* at 834 n.46 (citation omitted). In *McKaskle*, the Court reaffirmed that appointment of standby counsel — whether at the defendant's request or over the defendant's objection — is consistent with the exercise of the right to self-representation. 465 U.S. at 169, 184.[1]

"Even if defendant requests to represent himself, . . . the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether." *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982) (en banc). "A waiver may be found if it reasonably appears to the court that defendant has abandoned his initial request to represent himself." *Id.*

Batchelor argues — as he did on direct appeal in state court — that he clearly, unequivocally, and timely moved to represent himself on October 14, 1999, and that the state trial court violated his right to self-representation by erroneously denying that motion at the February 7, 2000 pre-trial hearing on the basis that Batchelor's appointed counsel was "well capable of mounting a defense on [his] behalf." The state contends that § 2254(d) prohibits the federal courts from granting Batchelor relief because the state appellate court reasonably found that Batchelor implicitly waived his October 13, 1999 *Faretta* request prior to its denial.

Whether Batchelor abandoned his *Faretta* motion and thereby waived his right to represent himself is a question of fact, *see Myers v. Collins*, 8 F.3d 249, 253 (5th Cir. 1993), *abrogated on other grounds by Martinez v. Court of Appeal*

---

[1] *McKaskle* addressed the issue of "what role standby counsel who is present at trial over the defendant's objection may play consistent with the protection of the defendant's *Faretta* rights." 465 U.S. at 169. However, the "limits on the extent of standby counsel's unsolicited participation" set forth in *McKaskle*, *see id.* at 177-82, are not relevant here, as this case concerns a claim that the trial court wrongly denied a self-representation request, as in *Faretta*, rather than a claim that standby counsel's participation undermined a defendant's right to represent himself.

No. 10-30802

*of Cal.*, 528 U.S. 152 (2000); *see also Myers v. Johnson*, 76 F.3d 1330, 1333 (5th Cir. 1996) (per curiam), which we review under 28 U.S.C. § 2254(d)(2) and (e)(1). Our review of the state court record provides clear and convincing evidence that Batchelor's conduct was in no way inconsistent with his formal and unequivocal request to represent himself with the assistance of standby counsel.  *See* 28 U.S.C. § 2254(e)(1).  We conclude that the state court's ultimate decision was based on an unreasonable determination that Batchelor waived his initial *Faretta* request.  *See id.* § 2254(d)(2).

## A.

The record admits of no doubt that Batchelor's October 14, 1999 "Motion for Dismissal of Counsel" constituted a "clear[] and unequivocal[] declar[ation] that he wanted to represent himself and did not want counsel." *See Faretta*, 422 at 835.  That motion stated in substantive part:

<u>Motion for Dismissal of Counsel</u>

Now Comes the pro se litigant Marshall T. Batchelor into Court to file the above captioned motion pertaining to the above enumerated matter.  The defendant moves this Honorable Court to dismiss counsel for the following Reasons hereinafter set forth:

(1)

Pursuant to Faretta vs the State of California a Supreme Court Decision, the defendant has a constitutional right to represent himself.

(2)

Defendant avers that his request to dismiss counsel is being made with sound-mind with his eyes opened.

(3)

Counsel has failed to file necessary pleadings such as a Writ of Habeas Corpus and Application for a Writ of Review to secure the defendants' [sic] release in this matter.  Had counsel filed such aforementioned pleadings, the defendant could have been released without bond obligation.  Instead counsel has deliberately denied

the defendant access to court by depriving the defendant of the final ruling that he received from the Clerk's office on the defendants' [sic] pro se "Application for a Writ of Habeas." Therefore counsel has provided the defendant with ineffective assistance and caused unnecessarily prolonged incarceration upon the defendant.

Wherefore, the defendant prays that this Honorable Court deem his Reasons good and sufficient to grant the foregoing motion or show just cause for not doing so.

Defendant further prays that this Honorable Court allow him to proceed pro se in this matter with standby counsel only.

The motion specifically cited *Faretta* for the proposition that "the defendant has a constitutional right to represent himself." It identified Batchelor as a "pro se litigant" and requested that the court "allow him to proceed pro se." Moreover, the motion employed language from *Faretta* itself in stating that Batchelor's "request to dismiss counsel is being made with sound-mind *with his eyes opened*,"[2] and requesting that the court "allow him to proceed pro se . . . with *standby counsel* only."[3] Nor can it be said that Batchelor's expression of dissatisfaction with his appointed counsel somehow detracted from the clarity of his *Faretta* motion. In *Faretta* itself, the defendant requested to proceed pro se because of dissatisfaction with appointed counsel. *See, e.g.*, *Faretta*, 422 U.S. at 807 (explaining that Faretta had stated to the trial judge that he wanted to represent himself and "did not want to be represented by the public defender because he believed that that office was 'very loaded down with . . . a heavy case load'" (alteration in original)). As one court has noted,

> almost all requests for *pro se* representation will arise from dissatisfaction with trial counsel. It is the rare defendant who will

---

[2] *See Faretta*, 422 U.S. at 835 ("[A] defendant . . . should be made aware of the dangers and disadvantages of self-representation, so that . . . 'he knows what he is doing and his choice is made with eyes open.'" (citation omitted)).

[3] *See Faretta*, 422 U.S. at 834 n.46 ("Of course, a State may . . . appoint a 'standby counsel' to aid the accused if and when the accused requests help . . . .").

No. 10-30802

ask to proceed pro se even though he/she is thoroughly delighted with counsel's representation, ability, and preparation. Thus, that a defendant wishes to proceed without representation because s/he is dissatisfied with that representation is not usually relevant to whether that defendant's request is clear and unequivocal.

*Alongi v. Ricci*, 365 F. App'x 341, 346-47 (3d Cir. 2010) (per curiam) (unpublished) (citations and internal quotation marks omitted). In any event, the state conceded, both in its briefing and at oral argument, that by this motion Batchelor asserted his right to represent himself. *See* Br. of Appellant at 4-5, 20, 27.

## B.

Instead, the state contends that two events establish a reasonable basis upon which the state appellate court could have implicitly found that Batchelor waived his right to represent himself after filing his October 14, 1999 *Faretta* motion: first, Batchelor's statement to the trial court at the attempted arraignment that same day that he preferred not to enter a plea "unless I have a presence of counsel"; and, second, the discussion of Batchelor's *Faretta* motion at the February 7, 2000 hearing. We examine the state court records of these exchanges and conclude that the state court could not reasonably have found a waiver. *See* 28 U.S.C. § 2254(d)(2).

## 1.

First, the transcript of the proceedings on October 14, 1999 provides clear and convincing evidence that Batchelor did not abandon his request at those proceedings, as his conduct was in no way inconsistent with his *Faretta* motion. *See id.* § 2254(e)(1). The transcript indicates that the trial court asked Batchelor: "What do you plan to do? You plan to plea [sic] guilty or not guilty?" Batchelor responded: "Your Honor, I rather not say unless I have a presence of counsel." The court then rescheduled the arraignment for the next month. This exchange does not provide a basis for finding that Batchelor waived his clear and

13

unequivocal declaration of his desire to proceed pro se. No one involved in Batchelor's trial court proceedings — neither the court, nor the prosecution, nor Kelly, nor Batchelor himself — ever suggested that Batchelor's unwillingness to plead without conferring with counsel constituted a waiver of his *Faretta* request. Additionally, at the time Batchelor declined to plead without Kelly present, the trial court had not yet ruled on Batchelor's *Faretta* motion. Batchelor had not been told that he would be allowed to proceed pro se, either with or without the assistance of standby counsel, and did not have counsel present. It is not an indication of abandonment of a request to proceed pro se for a defendant in such a situation to decline to take the potentially drastic step of entering a plea. *Cf. Moore v. Haviland*, 531 F.3d 393, 402-03 (6th Cir. 2008), *cert. denied*, 130 S. Ct. 92 (2009) (stating that a defendant was "g[iven] no choice but to proceed with counsel conducting direct examination," where the trial judge had not yet ruled on the defendant's written *Faretta* request).

Moreover, Batchelor's unwillingness to plead on October 14, 1999 without the "presence of counsel" was entirely consistent with his request, made in his motion, that the court appoint standby counsel while allowing him to proceed pro se. *See Faretta*, 422 U.S. at 834 n.46 ("[A] State may . . . appoint a 'standby counsel' *to aid the accused if and when the accused requests help* . . . ." (emphasis added)); *McKaskle*, 465 U.S. at 177 ("[T]he objectives underlying the right to proceed *pro se* may be undermined by *unsolicited* and excessively intrusive participation by standby counsel." (emphasis added)). Indeed, the Court in *McKaskle* repeatedly referred to the "presence" of standby counsel, 465 U.S. at 171, 173, 182-83, 185, and itself used the terms "counsel" and "standby counsel" interchangeably, *e.g.*, *id.* at 182, 183.[4]

---

[4] In noting that Batchelor's request for standby counsel was entirely consistent with his request to proceed pro se, we do not suggest that Batchelor had a constitutional right to standby counsel. *See United States v. Mikolajczyk*, 137 F.3d 237, 246 (5th Cir. 1998) (stating

No. 10-30802

In arguing to the contrary, the state misapprehends the Court's statement in *McKaskle* that, "[o]nce a *pro se* defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced." 465 U.S. at 183. There, the Court was addressing a pro se defendant's "complaints concerning [standby] counsel's subsequent unsolicited participation," where the trial court had appointed standby counsel over the defendant's objection. *Id.* That language does not bear on the situation in this case. Here, Batchelor complains that the *court* — not standby counsel — deprived him altogether of his right to proceed pro se by erroneously denying his *Faretta* motion. *See Moore*, 531 F.3d at 403 ("*McKaskle* addresses the constitutional boundaries of standby counsel's involvement in criminal proceedings against the wishes of a pro se defendant. Moore never became a pro se defendant, nor was his attorney standby counsel. Moore does not complain that his attorney overstepped his bounds as standby counsel — rather he complains that he was denied his right of self-representation."). Indeed, rather than supporting the state's waiver argument, the quoted language from *McKaskle* underscores the significant degree of participation by standby counsel that remains *consistent* with a defendant's exercise of the right to proceed pro se.

**2.**

Nor does the discussion of Batchelor's pro se *Faretta* motion at the February 7, 2000 hearing provide any basis for a finding of waiver. Rather, a review of the transcript from that hearing likewise provides clear and convincing evidence that Batchelor did not equivocate or abandon his request. Batchelor's

---

that appointment of standby counsel is "not constitutionally required"). While the trial court could have required Batchelor to choose to proceed represented by counsel or pro se without the aid of standby counsel, *see id.*, the court did not do so.

No. 10-30802

motion, as discussed above and as conceded by the state, constituted a clear and unequivocal invocation of his right to self-representation.  The transcript of the relevant portion of the hearing, at which Batchelor, his appointed counsel Kelly, and the prosecutor Phillips, were present, reads:

MICHAEL KELLY:

> The next matter we have is dismissal of counsel, which was filed by the defendant, Marshall Batchelor.

TREY PHILLIPS:

> Judge, the State would, of course, object to the dismissal of this appointed counsel.  Mr. Batchelor filed the motion.  It was denied [sic].  And, as the record reflects, Mr. Kelly has been on the case from the beginning.  The State has, at his urging, given discovery and let him see video tapes.  There's no basis for Mr. Kelly being replaced by anyone else.  The State wants to try this case on March 20th, so from the State's point of view, there's not a reason in the world for Mr. Kelly to be replaced.

THE COURT:

> Mr. Kelly or Mr. Batchelor, do you wish, either of you wish to say anything?

MICHAEL KELLY:

> Yes, sir.  Counsel has had a chance to visit with defendant, Mr. Batchelor,  and in my capacity as counselor at this time, I have acquiesced and understand his reasoning for having filed that motion.  He is faced with severe charges that, possibly, expose him to a lifelong sentence.  He has a reason and a feeling, and a — relationship with his counselor, if he does not feel comfortable that his counselor is doing everything within his benefit, then I believe that he is proper to file motions that have that counselor dismissed.  And, I think that he is also along with that motion, is not necessarily asked [sic] that counselor be totally released, but that he have stand aside counsel to assist him throughout the proceedings.  And, I believe recent juris prudence [sic] in litigation has shown that is plausible and that is an equitable way of having the benefit of being properly represented.

16

No. 10-30802

THE COURT:

You mean that he would represent himself and have you beside him during that time?

MICHAEL KELLY:

Yes, sir, for whatever questions or pointers of law, issues as it relates, whatever procedural devices that he may be — that may be warranted. And, that is also — he has a right to represent himself. He has a right to be appointed counsel. He has rejected said counsel, in lieu of proceedings as they transpired. And, I believe he has a pretorinary [sic] interest in wanting to get adequate counsel to represent him. Counsel has no objection with representing the defendant, nor does counsel have objection to stand beside the defendant throughout the proceedings.

TREY PHILIPS:

Judge, the State would suggest that although the defendant is entitled to be represented by an attorney, he is not entitled to the attorney of his choice. And, if we allow defendants to start filing these pro se motions every time they become upset with their attorney, we would never get anything done. Related to any attempt to replace Mr. Kelly, he's done a fine job and has vigorously pursued the defendant.

THE COURT:

Mr. Batchelor, do you have anything to say?

MARSHALL BATCHELOR:

No, sir.

THE COURT:

Court is going to deny your motion to dismiss counsel. This matter has been set for trial on March the 20th. I believe that everything is now on track and Mr. Kelly is certainly well capable of mounting a defense on your behalf. I think everything is on track now, and we can proceed.

The transcript shows that Kelly spoke when the trial court asked whether Batchelor or Kelly had anything to say regarding Batchelor's *Faretta* motion.

17

No. 10-30802

This is unremarkable given that the court had not yet ruled on Batchelor's motion to represent himself. *Cf. Moore*, 531 F.3d at 402-03. Although Phillips, the prosecutor, seemed confused about the nature of the motion, his confusion is not attributable to Batchelor, whose motion was perfectly clear. Moreover, there is no indication that either the trial court or Kelly was similarly confused. Kelly was reasonably clear in articulating — consistent with the written motion — Batchelor's desire to represent himself, with Kelly acting as standby counsel, present during the proceedings and able to assist as requested by Batchelor. The judge asked Kelly, "You mean that he would represent himself and have you stand beside him during that time?" Kelly answered, "Yes, sir." Kelly stated that he had no "objection to stand[ing] beside [Batchelor] throughout the proceedings" — as opposed to "representing [him]" — to assist with "whatever questions or pointers of law, . . . [or] procedural devices . . . may be warranted." *See McKaskle*, 465 U.S. at 183 (explaining that it is appropriate for "standby counsel . . . to assist[] the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony," and to "help[] to ensure the defendant's compliance with basic rules of courtroom protocol and procedure"). Kelly also explained that "recent juris prudence [sic] in litigation has shown" such an arrangement to be "plausible and . . . equitable." *See, e.g., McQueen v. Blackburn*, 755 F.3d 1174, 1178 (5th Cir. 1985) (stating that the appointment of "standby counsel following dismissal of [appointed counsel] . . . is the preferred practice").[5]

_____

[5] Conflating the distinct concepts of standby counsel and "hybrid representation," the state argues that Kelly implied that Batchelor was seeking the latter, a "form of representation[] [in which] defendant and counsel act, in effect, as co-counsel, with each speaking for the defense during different phases of the trial." *United States v. Davis*, 269 F.3d 514, 519-20 (5th Cir. 2001) (quoting 3 Wayne R. Lafave et al., Criminal Procedure § 11.5(g) (1999 & 2001 supp.)). That "*Faretta* does not require a trial judge to permit 'hybrid' representation," *McKaskle*, 465 U.S. at 183, is irrelevant, because Batchelor never requested

18

No. 10-30802

The state argues that Batchelor failed to reiterate his *Faretta* request when the trial court asked if he had anything to say. However, Batchelor was not required, in order to avoid waiver, to add anything to the straightforward request that he had already made plain in writing. It was the trial court, and not Batchelor, which failed to respond properly to the discussion of the *Faretta* motion. Under *Faretta*, the trial court should have initiated a colloquy in which it made Batchelor "aware of the dangers and disadvantages of self-representation, so that the record w[ould] establish that he kn[ew] what he [was] doing and his choice [was] made with eyes open." *Faretta*, 422 U.S. at 835 (citation omitted) (internal quotation marks omitted); *cf. Moore*, 531 F.3d at 402-03 ("[F]or the judge not to have engaged in a *Faretta*-compliant colloquy upon reading the [defendant's written request to proceed pro se] was an unreasonable application of *Faretta*."). The trial court's failure to conduct the required *Faretta* colloquy is an indication only of the trial court's error. That the appropriate colloquy did not occur cannot be construed as an indication of vacillation by Batchelor. In any event, while the trial court's stated rationale for denying Batchelor's self-representation request was certainly erroneous under *Faretta*,[6] there is no indication that the court misunderstood the nature of Batchelor's clear request.[7] Thus, as at his appearance on October 14, 1999, Batchelor did

---

hybrid representation, and the trial court did not deny his *Faretta* motion because it thought the motion was one for hybrid representation. Batchelor clearly moved to represent himself with the assistance of standby counsel, and Kelly reiterated that request.

[6] *See, e.g.*, *Faretta*, 422 U.S. at 834 (explaining that, although "in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts[,] . . . [i]t is the defendant[] . . . who must be free personally to decide whether in his particular case counsel is to his advantage")

[7] Contrary to the state appellate court's finding, the record clearly and convincingly demonstrates that the trial court explicitly denied Batchelor's *Faretta* motion at the hearing on February 7, 2000. As explained above, the pro se *Faretta* motion under consideration by the trial court on February 7, 2000 was specific and unequivocal. Further, the transcript of the hearing makes unmistakeably clear that the trial court considered Batchelor's written

19

nothing inconsistent with his *Faretta* request at the February 7, 2000 hearing.[8] The state advances no other factual basis for a finding that Batchelor abandoned or vacillated in his request, and our review of the record reveals none. Accordingly, we conclude that Batchelor has met his burden of rebutting by clear and convincing evidence the presumptive correctness afforded the state appellate court's implicit factual determination that Batchelor equivocated or abandoned his motion. *See* 28 U.S.C. § 2254(e)(1).

**3.**

We conclude that the state appellate court's adjudication of Batchelor's *Faretta* claim resulted in a decision based on an objectively unreasonable factual

---

request to represent himself and expressly denied that request. The state concedes that the rehearing panel of the Louisiana appellate court "was incorrect in stating that the trial court did not rule on Batchelor's first *Faretta* request." Br. of Appellant at 31 n.14; *see also id.* at 31 ("There is no question that the [*Faretta*] motion was presented to the trial court — it was introduced in the February 7, 1999 [sic] hearing . . . . [T]he trial court . . . explicitly denied [Batchelor's] motion."); *id.* at 39 n.16 ("[T]he [Louisiana appellate court] was incorrect in stating that the trial court had not ruled on Batchelor's first request.").

[8] The cases cited by the state in support of its waiver argument are inapposite and unpersuasive, as they do not address the issue presented in this case, in which there was an unequivocal *Faretta* request, no conduct inconsistent with that request, and a clear denial of the request by the trial court. In several of the cited cases there was either no unequivocal *Faretta* request or conduct by the defendant inconsistent with that request. *See Koon v. Rushton*, 364 F. App'x 22, 28 (4th Cir. 2010) (per curiam) (unpublished) (stating that, "[a]fter his initial assertion of his *Faretta* rights, [the defendant] displayed equivocating, contradicting, and vacillating behavior[] . . . [by] stat[ing] in a letter to the trial court that he '*may*' represent himself and not[ing] his '*possible* (pro se) representation'"); *Page v. Burger*, 406 F.3d 489, 495 (8th Cir. 2005) (concluding that state court reasonably decided that the defendant waived his *Faretta* request where the defendant, inter alia, "wrote a note to [appointed counsel] requesting that [appointed counsel] take over the entire trial"); *Phillips v. Henry*, 130 F. App'x 160, 161 (9th Cir. 2005) (unpublished) (concluding that state court reasonably decided that the defendant's *Faretta* request was equivocal where the defendant stated during the *Faretta* colloquy that pro se status "[was] not actually what [she] want[ed]" and that, in fact, "[she] want[ed] another attorney, period"). In two others, there was no clear denial of the request by the trial court, as there was here. *See Rayford v. Johnson*, No. 00-40023, 2001 WL 498712, at *2 (5th Cir. Apr. 13, 2001) (per curiam) (unpublished) (stating that the trial court "fail[ed] to rule expressly on Rayford's request to represent himself"); *Carrasco v. Evans*, No. C 06-7849, 2007 WL 3442558, at *6, 8 (N.D. Cal. Nov. 13, 2007) (unpublished) (stating that the defendant's *Faretta* "motion was not heard" by the trial court and "was never conclusively denied").

determination. *See id.* § 2254(d)(2). While "it is possible [for a] state court [to] err[] with respect to one factual finding under § 2254(e)(1)," and yet for "its determination of facts resulting in its decision in the case [to be] reasonable under § 2254(d)(2)," *Valdez*, 274 F.3d at 951 n.17, here the waiver issue is determinative in light of the state's concession that the state trial court did in fact deny Batchelor's *Faretta* request at the February 7, 2000 hearing. As the record admits of no basis for a finding that Batchelor waived his request to represent himself prior to its erroneous denial by the district court at that hearing, the only reasonable factual determination would have been that Batchelor did not waive his request. *See Blue*, 665 F.3d at 654-55 (explaining that "[a] petitioner must show that 'a reasonable factfinder *must* conclude' that the state court's determination of the facts was unreasonable").[9] Therefore, we conclude that the state appellate court's decision that Batchelor was not impermissibly denied the right to represent himself was based on an objectively unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2); *see also Salts v. Epps*, 676 F.3d 468, 2012 WL 1034026, at *6 (5th Cir. Mar. 29, 2012) (holding that determination by "state appeals court . . . that the [defendants] had waived their right to conflict-free representation . . . was an unreasonable determination of fact" under § 2254(d)(2) where the state court record was "devoid of documentation or evidence of th[e] purported waiver").

---

[9] Indeed, the two dissenting judges of the state appellate court rehearing panel reached the correct conclusion regarding Batchelor's claim after making the only reasonable findings as to the relevant facts. *See Batchelor*, 823 So. 2d at 378-79 (Norris, C.J., dissenting) ("Any fair reading of this record shows that Marshall Batchelor clearly and unequivocally requested the right to represent himself . . . This request [was] neither latent, tentative, nor incidental to any other demands. It forms the entirety of his request for relief. . . . Batchelor's motion was . . . heard in court [on] February 7, 2000. . . The [trial] court stated that it understood Batchelor's desire to represent himself with standby counsel, but denied the motion with no further explanation.").

No. 10-30802

## IV.

In sum, we conclude that the trial court violated Batchelor's Sixth Amendment right to represent himself by erroneously denying a clear and unequivocal assertion of that right. *See* 28 U.S.C. § 2254(a). We further conclude that Batchelor has demonstrated by clear and convincing evidence that the state appellate court's implicit finding that he waived his *Faretta* request was erroneous, *see id.* § 2254(e)(1), and that the state appellate court's denial of Batchelor's claim on direct appeal resulted from an unreasonable determination of the facts in light of the evidence in the state court record, *see id.* § 2254(d)(2). Therefore, § 2254(d) does not bar issuance of the writ.

Accordingly, we AFFIRM the district court's grant of habeas relief.