FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONOVAN CRAIG MATTHEWS,

     Petitioner - Appellant,

v.

BOBBY BONNER, Warden;
CYNTHIA COFFMAN, the
Attorney General of the State of
Colorado,[*]

     Respondents - Appellees.

No. 15-1011
(D. Colorado)
(D.C. No. 13-cv-01876-RBJ-KLM)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
**AND DISMISSING THE APPEAL**

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

The present appeal grew out of a wedding celebration between
Mr. Matthews and his new bride. According to the prosecution, the
celebration ended when Mr. Matthews beat his new wife with a
baseball bat and brass knuckles. Mr. Matthews was convicted on state
charges of assault and illegal possession of a weapon.

---

[*] Pursuant to Fed. R. App. P. 43(c)(2) John Suthers is replaced by Cynthia
Coffman as the Attorney General of the State of Colorado.

After unsuccessfully appealing and seeking certiorari in state court, Mr. Matthews sought federal habeas relief. The federal district court denied relief, and Mr. Matthews wants to appeal on two grounds:

1. *Waiver of Miranda Rights*. Mr. Matthews could not waive his *Miranda* rights because he was intoxicated.

2. *Substitution of Counsel*. The trial court should have appointed another attorney because Mr. Matthews was dissatisfied with his legal representation.

In addition, Mr. Matthews seeks leave to proceed in forma pauperis.

We dismiss the appeal. Because Mr. Matthews is unable to appeal, his application for leave to proceed in forma pauperis is moot.

## Request for a Certificate of Appealability

To appeal, Mr. Matthews needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). For the certificate, Mr. Matthews must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). This showing exists only if reasonable jurists could find the district court's rulings debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). We conclude the rulings are not reasonably debatable or wrong.

2

## I.    Validity of the *Miranda* Waiver

All agree that Mr. Matthews was intoxicated when he talked to the police. Based in part on this intoxication, Mr. Matthews moved to suppress the evidence of his statements, arguing that he was unable to understand his *Miranda* rights. The trial court conducted an evidentiary hearing and denied the motion.[1] In doing so, the trial court found that Mr. Matthews had understood the warnings when he waived his *Miranda* rights. Tr. Mot. to Suppress 134, 137-39, *Colo. v. Matthews*, No. 07-CR-1097 (Adams Cnty., Colo. Dist. Ct. Nov. 30, 2007).

"Whether [Mr. Matthews] understood his *Miranda* rights is a question of fact." *Valdez v. Ward*, 219 F.3d 1222, 1231 (10th Cir. 2000). Because the state district court decided this factual question, we regard the court's finding as presumptively correct. 28 U.S.C. § 2254(e)(1) (2012). To rebut this presumption, Mr. Matthews had to present clear and convincing evidence that the court's factual determination was incorrect. *Id.*

Mr. Matthews did not present any such evidence to the federal district court or to us. In state court, one detective testified that Mr.

---

[1]    The record on appeal does not include the proceedings on the motion to suppress. But, we take judicial notice of these proceedings. *See Barnes v. United States*, 776 F.3d 1134, 1137 n.1 (10th Cir. 2015).

Matthews had been oriented to his surroundings and had given responsive answers. Tr. Mot. to Suppress 52-53, *Colo. v. Matthews*, No. 07-CR-1097 (Adams Cnty., Colo. Dist. Ct. Nov. 30, 2007). Another officer added that Mr. Matthews had acknowledged he understood his rights, had not expressed an inability to understand the discussion, and had answered in a manner that was appropriate and responsive. *Id.* at 72-74, 83-84. Under these circumstances, any reasonable jurist would conclude that Mr. Matthews failed to rebut the presumption of correctness with clear and convincing evidence.

## II.    Alleged Failure to Appoint a New Attorney

In addition, Mr. Matthews contends that the trial court should have appointed new counsel when the attorney-client relationship broke down. This contention is not reasonably debatable.

At the preliminary hearing, Mr. Matthews asked for a new attorney, then said he would try to find an attorney.[2] Roughly four

---

[2]    The transcript of the preliminary hearing is not in our record on appeal. But, we take judicial notice of the transcript. *See* note 1, above. The transcript shows the following discussion between Mr. Matthews and the court:

| The Court: | . . . And then you're gonna hire your own attorney, Mr. Matthews? |
|---|---|
| Mr. Matthews: | Ah, I would like to at least try to get another state-appointed one toward me. |
| The Court: | Well, you . . . |

4

weeks later, Mr. Matthews attended court with the same attorney, and no one said anything about the need to appoint a new attorney. *See* Tr., *passim*, *Colo. v. Matthews*, No. 07-CR-1097 (Adams Cnty., Colo. Cnty. Ct. June 6, 2007); *see also* note 1, above (discussing judicial notice). The trial court assumed that Mr. Matthews no longer wanted appointment of a new attorney, and the Colorado Court of Appeals

---

Mr. Matthews:    . . . until I can, until then, Sir.

The Court:    Well, no, I mean, you've got one appointed right now.

Mr. Matthews:    Yeah, I know that but evidently she doesn't want to work with me, so.

The Court:    Well, that's neither here nor there, so you hire your own or you're . . . she's on board . . . doesn't matter to me. Do you want to try and hire your own?

Mr. Matthews:    I guess so.

The Court:    Okay.  That's fine. Let me re-set this and give you some time.

\* \* \* \*

Mr. Matthews:    I've got paperwork that I need to give you, too, Sir.

The Court:    Well, you have your . . . when you hire your attorney, they can file it.

Tr. at 2-4, *Colo. v. Matthews*, No. 07-CR-1097 (Adams Cnty., Colo. Cnty. Ct. May 9, 2007).

5

found that Mr. Matthews had abandoned his request for substitute counsel.

If we were to entertain an appeal, Mr. Matthews would need to overcome the Colorado Court of Appeals' factual finding that he had abandoned his request for appointment of new counsel. *See Batchelor v. Cain*, 682 F.3d 400, 407 (5th Cir. 2012) ("Whether [the petitioner] abandoned his *Faretta* motion and thereby waived his right to represent himself is a question of fact."). This finding would be presumptively correct unless Mr. Matthews presented clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1) (2012).

Mr. Matthews has not presented any such evidence either in federal district court or on appeal. Thus, his argument for reversal is not reasonably debatable.

### III.   Summary

Because no reasonable jurist could credit either of Mr. Matthews's arguments, we deny a certificate of appealability and dismiss the appeal.

### In Forma Pauperis

Mr. Matthews seeks not only a certificate of appealability, but also leave to proceed in forma pauperis. Because we have dismissed the appeal, the application for pauper status is dismissed on the

ground of mootness. *Johnson v. Keith*, 726 F.3d 1134, 1136 (10th Cir. 2013) (denying leave to proceed in forma pauperis on the ground of mootness upon denial of a certificate of appealability).

Entered for the Court


Robert E. Bacharach
Circuit Judge