# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-70018

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce
Clerk

ROBERT MITCHELL JENNINGS,

      Petitioner - Appellee

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-219

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before STEWART, Chief Judge, and SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:*

      Robert Mitchell Jennings was sentenced to death for capital murder. Jennings sought federal habeas relief, alleging that he received ineffective assistance of counsel during the punishment phase of his trial. He raised two

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-70018

claims under *Wiggins v. Smith*, 539 U.S. 510 (2003), arguing that counsel was ineffective for failing to present evidence of his disadvantaged background and not investigating or presenting evidence of his mental impairment.  He also raised a claim under *Smith v. Spisak*, 558 U.S. 139 (2010), contending that counsel was ineffective for expressing resignation to a death sentence during closing argument by stating that he could not "quarrel with" a death sentence.

The district court granted Jennings relief on his two *Wiggins* claims, but denied relief on his *Spisak* claim.  The state appealed the district court's decision on Jennings's *Wiggins* claims.  Jennings responded by arguing that the district court correctly ruled on those two claims, but also argued again that he was entitled to relief on his *Spisak* theory.

We reversed the district court's grant of habeas relief on Jennings's *Wiggins* claims.  We held that his *Spisak* claim was not properly presented because Jennings had not filed a cross-appeal or obtained a Certificate of Appealability ("COA").  *See Jennings v. Stephens*, 537 F. App'x 326, 337–39 (5th Cir. 2013).  After granting a writ of certiorari, the Supreme Court concluded that Jennings was not required to file a cross-appeal or seek a COA to pursue his *Spisak* theory because consideration of that claim "would neither have enlarged his rights nor diminished the State's rights under the District Court's judgment." *Jennings v. Stephens*, 135 S. Ct. 793, 802 (2015).  The Court remanded for consideration of Jennings's *Spisak* theory.  *Id.*  We AFFIRM the district court's denial of relief on this claim.

## DISCUSSION

The only issue for us to address on remand is Jennings's *Spisak* claim, namely, that counsel was ineffective during closing argument by stating that he could not "quarrel with" a death sentence.

No. 12-70018

Our review of Jennings's claim is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Clark v. Thaler*, 673 F.3d 410, 415–16 (5th Cir. 2012). Under AEDPA, a federal court may not grant habeas relief after an adjudication on the merits in a state court proceeding unless the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Claims of ineffective assistance of counsel involve mixed questions of law and fact and are governed by [Section] 2254(d)(1)." *Clark*, 673 F.3d at 416 (citation and quotation marks omitted). The district court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error. *Id.* at 417.

To succeed on his ineffective assistance claim, Jennings was required to demonstrate that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that such performance prejudiced him. *Druery v. Thaler*, 647 F.3d 535, 538 (5th Cir. 2011) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Where, as here, a state court "does not state the grounds on which it denied an ineffective assistance claim, federal habeas courts will consider it to have adjudicated both grounds." *Loden v. McCarty*, 778 F.3d 484, 495 (5th Cir. 2015).

When reviewing a *Strickland* claim under Section 2254(d), this court applies a "doubly deferential" standard of review. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). First, we "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citation and internal quotation marks omitted). Second, this court applies that strong presumption through the highly deferential lens of Section 2254(d) "since the

No. 12-70018

question is whether the state court's application of the *Strickland* standard was unreasonable." *Druery*, 647 F.3d at 539 (citation and internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation and internal quotation marks omitted).

There is a right to effective assistance by counsel during closing arguments. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). "Nonetheless, counsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." *Id.* at 5–6. "Judicial review of a defense attorney's summation is therefore highly deferential . . . ." *Id.* at 6.

The state habeas court concluded that counsel's statement during closing argument that he could not "quarrel with" a death sentence constituted a "plausible trial strategy." The Texas Court of Criminal Appeals denied Jennings's application without addressing this ineffective assistance claim. The state habeas court's decision is therefore entitled to AEDPA deference as the last decision from a state court in which reasoning was articulated. *See Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012).

The federal district court concluded that, "[i]n light of the extremely weak mitigation case, the state habeas court's conclusion that this was a plausible strategy was not unreasonable." The court explained, "[i]t is clear from the record that counsel was trying to identify with the jurors, and to convince them that he was a reasonable man who shared their interest in a safe community."

Jennings argues that the district court erred in holding that the state habeas court's conclusion was reasonable. He contends that, "[r]ather than

making a forceful argument in support of a life sentence, as effective advocacy requires, [counsel] expressed resignation and acceptance of a death sentence."

"The pivotal question [for us to decide] is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101. "This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. . . . A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

In considering counsel's statement, we examine the closing argument in its entirety. *Carter v. Johnson*, 131 F.3d 452, 466 (5th Cir. 1997). Counsel began by stating, "So, let me ask you for him. If you can, if you can see some way—maybe you can't, folks. I told you before, I can't quarrel with that . . . ." He immediately followed with, "Shoot, I'm a citizen here just like all of you. I live here, I work here, I'm raising my children here just like you. But if you can, I ask you to find that mitigation, to answer one of those issues 'No' . . . ."

We cannot say that the state habeas court's application of *Strickland* was unreasonable. The state habeas court implicitly held that Jennings's claim failed both prongs of the *Strickland* test. *See Loden*, 778 F.3d at 495. We need not examine both prongs because the state court's implicit holding that Jennings failed to satisfy the deficiency prong does not constitute an unreasonable application of *Strickland*. Once "a court rules trial counsel's performance was not deficient, prejudice need not be addressed." *Pondexter v. Quarterman*, 537 F.3d 511, 520 (5th Cir. 2008). "To establish credibility with the jury, counsel may make a tactical decision to acknowledge the defendant's culpability and may even concede that the jury would be justified in imposing the death penalty." *Riley v. Cockrell*, 339 F.3d 308, 317 (5th Cir. 2003) (citations and internal quotation marks omitted). The state court's application

of *Strickland* is thus consistent with this court's precedent. This is especially so given the lack of mitigating evidence.

Given the highly deferential standard of review, we agree with the district court that Jennings has failed to show "that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement" and federal habeas relief is therefore precluded. *Richter*, 562 U.S. at 103.

The district court's denial of relief on Jennings's claim of ineffective assistance of counsel during closing argument is AFFIRMED.