In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-1976

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DANIEL T. LEE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:12-CR-00095-CNC — **C.N. Clevert, Jr.**, *Judge.*

SUBMITTED JULY 17, 2014 — DECIDED JULY 29, 2014

Before POSNER, KANNE, and TINDER, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant was convicted by a jury of having committed, along with another man, four drug-related robberies of pharmacies in Milwaukee, and also of having used a firearm in connection with the robberies and having possessed a controlled substance with intent to distribute it. He was sentenced to 780 months in prison. He represented himself at trial and is representing himself on appeal as well. His principal ground of appeal is that he was

denied his right to represent himself at a pretrial evidentiary hearing to determine whether a motion to suppress filed by him should be granted.

When he filed the motion, he was represented by a lawyer appointed by the district judge. Nine days before the hearing on the motion, which was to be conducted by a magistrate judge, the defendant, explaining that he disagreed with how his lawyer proposed to handle the hearing, moved to be allowed to discharge the lawyer, "waive his 6th amendment right to counsel," and "proceed pro se." He thus was seeking to be allowed to represent himself throughout the criminal proceeding, and not just at the suppression hearing. He didn't ask that the hearing be delayed; nor did he object to its being conducted by a magistrate judge. The magistrate judge responded to the motion by ordering that "this hearing will proceed as scheduled with the defendant represented by counsel. Following the hearing, the court will address the defendant's motion to remove counsel and proceed pro se."

The hearing lasted nine hours spread over two days; twelve witnesses testified. After the hearing concluded, the magistrate judge got around to considering the motion that the defendant had filed to be allowed to represent himself. The judge granted the motion, then mooted it—so far as the suppression hearing was concerned—by denying the defendant's further motion to reopen the hearing to present additional evidence. The judge also recommended to the district judge that the original motion, the motion to suppress, be denied. The district judge agreed with both recommendations: to deny the motion to suppress, though on somewhat different grounds from those of the magistrate judge, and to

permit the defendant to represent himself in the remainder of the criminal proceeding, including the trial.

The Sixth Amendment has been held to entitle a criminal defendant to represent himself, *Faretta v. California*, 422 U.S. 806, 819 (1975), if he is competent to decide to do so. The right extends to all critical stages of the prosecution, *Iowa v. Tovar*, 541 U.S. 77, 87–88 (2004); *United States v. Johnson*, 534 F.3d 690, 693–95 (7th Cir. 2008), including a hearing on a motion to suppress. *United States v. Hamilton*, 391 F.3d 1066, 1069–70 (9th Cir. 2004)**.** The magistrate judge's ruling, after the hearing had concluded, that the defendant *had* been competent to represent himself at the hearing, and that his request for permission to do so *had* been timely and otherwise proper, obviously did not cure the denial of that right. *Moore v. Haviland*, 531 F.3d 393, 402–03 (6th Cir. 2008). For the order gave the defendant no relief from the denial of his right to represent himself *at the hearing*. The government defends the magistrate judge's handling of the matter on the inscrutable ground that he "simply exercised caution" in postponing ruling on the *pro se* motion. But by doing so he prevented a competent defendant from representing himself at the hearing, in violation of the defendant's constitutional right of self-representation.

The error in forbidding the defendant to represent himself at the suppression hearing was harmless if, as is extremely likely, he would have had no greater success representing himself than his lawyer had in representing him, so that either way the motion to suppress was doomed. But there is no "harmless error" defense to a denial of the right either to representation by counsel or to self-representation. *United States v. Davila*, 133 S. Ct. 2139, 2149 (2013); *United*

*States v. Harbin*, 250 F.3d 532, 543 (7th Cir. 2001). Were it not for this rule, the government could present a defendant for sentencing who had not pleaded guilty—or even been tried—and who had been neither represented by counsel nor allowed to represent himself, and argue that the error in denying him the rudiments of due process had been harmless because his guilt was plain. The next step would be to imprison him without bothering with sentencing, and if he objected argue that he was being imprisoned for the exact term required by the statute that he had violated.

We were led by such reflections to point out in *Walberg v. Israel*, 766 F.2d 1071, 1074 (7th Cir. 1985), that "if the police, after arresting Walberg and obtaining an eyewitness identification of him plus his confession, had taken him directly to the penitentiary on the ground that a trial would be a waste of time for someone so patently guilty, he would be entitled to release on habeas corpus … . The Constitution requires (unless the defendant waives his rights) a certain modicum of adversary procedure even if the outcome is a foregone conclusion because the evidence of guilt is overwhelming." Cf. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 145–46 (2006).

A further consideration is the sheer difficulty of determining whether a denial of self-representation or of representation by counsel is harmless. No doubt the old adage "a lawyer who represents himself has a fool for a client" applies in spades if for "lawyer" we substitute "criminal defendant." But not all criminal lawyers are diligent and able, and a criminal defendant who was allowed to represent himself might be more effective; yet this might be impossible to prove had his right to represent himself been denied. Cf.

*Vasquez v. Hillery*, 474 U.S. 254, 264 (1986); *Waller v. Georgia*, 467 U.S. 39, 49 n. 9 (1984); *United States v. Essex*, 734 F.2d 832, 835 (D.C. Cir. 1984).

And finally there is the statement in *McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8 (1984), that "since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless." What we take this to mean is that since self-representation is a constitutional right even though its exercise rarely reduces the probability of the defendant's being erroneously convicted, the right cannot be grounded on fear that without it there would be more erroneous convictions.

Nevertheless our defendant is not entitled to more than a re-do of the suppression hearing, this time representing himself. Allowed to do that, he obtains everything to which he's entitled. This is not a case in which a court rules (improperly) that a defendant wasn't harmed by the denial of a fundamental procedural right because the denial did not affect the outcome; it is a case in which we are ordering that a procedural right be restored—and once that is done the defendant has no basis for complaining if the exercise of that right turns out to be of no benefit to him. If after a suppression hearing in which he again chooses and this time is permitted to represent himself the district court denies the motion to suppress, there will be no basis for a new trial. For the defendant—who was permitted to represent himself at trial—will have been granted all the procedural rights to which he was entitled.

This was the Supreme Court's conclusion in a case quite like this one. The defendant had moved to suppress certain evidence. There was a hearing on the motion, but the public was excluded from the hearing. The Supreme Court held that the exclusion had violated the Sixth Amendment right to a public trial even though no prejudice to the defendant had been proved; in other words, the harmless-error rule was inapplicable, just as it is in this case. Nevertheless the Court did not order the case against him dismissed. It said that "we do not think [the fact that the harmless-error rule was inapplicable] requires a new trial … . Rather, the remedy should be appropriate to the violation. If, after a new suppression hearing, essentially the same evidence is suppressed, a new trial presumably would be a windfall for the defendant, and not in the public interest." *Waller v. Georgia*, *supra*, 467 U.S. at 50. And so it is in this case.

We suggest that the district judge conduct the new hearing that we are ordering himself rather than asking the magistrate judge who presided at the first hearing to conduct it. This is not because we think it at all inappropriate to refer such motions for hearing by a magistrate judge; it is that, should the magistrate judge who denied the motion to suppress deny it again, there would be a concern that he might have been influenced by his earlier denial.

Besides pressing his self-representation claim, the defendant argues that the prosecutor made improper use of an exhibit (a photo of the defendant) and improperly offered his (the prosecutor's) opinion during his closing argument that the defendant was guilty. These arguments are groundless.

Nevertheless the judgment is vacated with instructions that a new hearing be conducted on the defendant's motion to suppress. If the motion is granted, the defendant shall be entitled to a new trial. Otherwise the original judgment shall be reinstated.