**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>SHAWN RICE, AKA Shawn Talbot Rice,<br>*Defendant-Appellant*. | No. 13-10152<br><br>D.C. No.<br>2:09-cr-00078-JCM-GWF-2 |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>SHAWN RICE, AKA Shawn Talbot Rice,<br>*Defendant-Appellant*. | No. 13-10186<br><br>D.C. No.<br>2:10-cr-00520-JCM-GWF-1<br><br>OPINION |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 9, 2014*
San Francisco, California

---

 * The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed January 22, 2015

Before: Carlos T. Bea, Sandra S. Ikuta,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz

## SUMMARY[**]

**Criminal Law**

The panel affirmed convictions for conspiracy, money laundering, and failure to appear, but vacated the sentence and remanded for resentencing and recalculation of restitution and forfeiture.

The panel held that although the district court should have acted more promptly in granting the defendant's request to appear pro se, the district court did not violate the defendant's Sixth Amendment right to self-representation.

The panel held that the defendant's Sixth Amendment rights were not violated at a March 6, 2009, initial appearance and arraignment on the conspiracy and money laundering charges, which proceeded precisely as if the defendant were representing himself with the assistance of standby counsel.

The panel wrote that even assuming that some delay in addressing the defendant's March 6 self-representation

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

request can be attributed to the defendant's failure to appear for a pretrial conference, the district court, which did not conduct a *Faretta* hearing until July 28, 2009, and in the interim struck a dozen pretrial motions because they were not filed by counsel, should have taken up the self-representation request more expeditiously.

The panel held that the district court's actions during the July 28 initial appearance and arraignment on the failure-to-appear charges ensured that there was no constitutional violation. The panel explained that the district court, when granting the defendant's request to proceed pro se, placed the defendant in the same situation on July 28 as would have obtained had his *Faretta* motion been granted on March 6 by inviting him to refile all motions, extending the time to file motions to a date to which the defendant stipulated, and giving him more time to prepare for trial than he would have had otherwise.

The panel found no violation of the defendant's statutory right to a speedy trial.

In light of the government's concession that the district court improperly based the sentence, restitution, and forfeiture on a loss amount that included money laundered before the defendant joined the conspiracy, the panel remanded for resentencing and recalculation.

**COUNSEL**

William H. Gamage, Gamage & Gamage, Las Vegas, Nevada, for Defendant-Appellant.

Daniel G. Bogden, United States Attorney, Elizabeth O. White, Appellate Chief, Adam Flake, Assistant United States Attorney, Las Vegas, Nevada, for Plaintiff-Appellee.

**OPINION**

HURWITZ, Circuit Judge:

The central question in this appeal is whether the district court denied Shawn Rice his Sixth Amendment right to self-representation. Although the district court should have acted more promptly in granting Rice's request to appear pro se, we find no constitutional violation. We also reject Rice's argument that the district court failed to comply with the Speedy Trial Act. We therefore affirm Rice's convictions. However, because the government concedes error in sentencing and in calculating restitution and forfeiture, we vacate Rice's sentence and remand for further proceedings.

**I.**

On March 3, 2009, Shawn Rice was indicted in the District of Nevada for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and money laundering in violation of 18 U.S.C. § 1956(a)(3)(A). Rice's initial appearance and arraignment were on March 6, 2009. During that proceeding, Rice and the magistrate judge engaged in the following colloquy:

THE COURT: All right. All right, now, with regard to Mr. Rice. Mr. Rice, do you have money for a lawyer?

DEFENDANT RICE: Your Honor, I'm a full-time rabbi, so no I don't have money for a lawyer, nor will I be hiring one.

THE COURT: Nor will you be hiring one?

DEFENDANT RICE: That's correct. If Mr. Kimbrell [the federal public defender assigned to the initial appearance] wants to assist today, he seems like a great guy and doing a great job here, but other than that, after this, if he wants to – if you want to assign him as standby counsel, that's fine with me, but other than that I'll be –

THE COURT: All right. Well, that –

DEFENDANT RICE: – representing myself.

THE COURT: – that determination will also be made at another time. We don't have time today to go into all of that.

Did you sign this financial affidavit today?

DEFENDANT RICE: I can't read it from here, but I assume that –

THE COURT: All right. This is the affidavit that Mr. Kimbrell –

MR. KIMBRELL:  Yes, Your Honor.

THE COURT:  – was using and wrote on this form when he asked you a number of questions about your financial circumstances.

MR. KIMBRELL:  Yes, I just informed him, I recognize the form as the one that I did provide him.  I can –

THE COURT:  All right.  So when you answered Mr. Kimbrell's questions about your financial situation, did you answer him truthfully and completely?

DEFENDANT RICE:  Yes.

THE COURT:  Very well.

Now based on the affidavit that I have here, it appears that you do not have the financial wherewithal to retain an attorney.

Now I recognize you indicated that you would like to represent yourself and that determination as I say will be made at another time.

But based on this affidavit, the Court will appoint Michael Kimbrell to represent you at this time, at least for today's purposes, and until such time as the Court makes a determination as to whether or not you should be allowed to represent yourself.

Rice then pleaded not guilty and addressed the court at length regarding pre-trial release. Kimbrell also made a presentation regarding Rice's bail status, and the magistrate judge released Rice on his own recognizance pending trial on May 14, 2009.

On June 22, 2009, the court issued a bench warrant for Rice's arrest because he failed to appear for a pretrial status conference. On July 28, 2009, during Rice's initial appearance on the bench warrant, the magistrate judge conducted a hearing and granted Rice's request for self-representation. Before then, Rice had filed 12 pretrial motions pro se. The district court had stricken these motions, citing District of Nevada Local Rule IA 10-6, which prohibits pro se filings by represented parties. After granting Rice's request to represent himself, the court invited Rice to refile the motions, and the parties stipulated to extend the deadline to do so. Rice represented himself throughout the balance of the proceedings in the district court and refiled several, but not all, of his previous motions.

After Rice once again failed to appear for a pretrial hearing, calendar call, and trial, he was indicted on four counts of failure to appear. He was arrested and returned to Nevada, and the charges then pending—one conspiracy charge, 13 money laundering charges, and four failure to appear charges—were consolidated for trial.

Rice represented himself at a two-day bench trial. The court found him guilty on all counts and sentenced him to 98 months incarceration. The court also ordered restitution of $95,782 and forfeiture of $1,290,000. This appeal followed.

## II.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." In *Faretta v. California*, the Supreme Court held that the Sixth Amendment right to counsel encompasses the right to self-representation. 422 U.S. 806, 819–20 (1975). Rice argues that he was denied the right to self-representation between March 6, 2009, the date of his initial appearance and arraignment, and July 28, 2009, when the court granted his *Faretta* motion.

We start from the premise that the right to counsel applies at all critical stages of prosecution. *See Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013); *Iowa v. Tovar*, 541 U.S. 77, 80–81 (2004). And, we assume that the right to self-representation applies to all proceedings to which the right to counsel applies. *See United States v. Gerritsen*, 571 F.3d 1001, 1007 (9th Cir. 2009) ("A defendant therefore has two correlative and mutually exclusive Sixth Amendment rights: the right to have counsel, on one hand, and the right to refuse counsel and represent himself, on the other."); *see also Tovar*, 541 U.S. at 87–88 (applying *Faretta* analysis to a defendant's uncounseled guilty plea because a "plea hearing qualifies as a 'critical stage'"). We also recognize that "the right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 194 (2008).

But, we nonetheless conclude that Rice's Sixth Amendment rights were not violated at the March 6, 2009

initial appearance and arraignment.  Although the magistrate judge deferred ruling on Rice's self-representation request, the initial appearance and arraignment proceeded precisely as if Rice were representing himself with the assistance of standby counsel.  Rice entered his own plea of not guilty and expressly consented to the participation of "standby counsel."  The magistrate judge allowed Rice to argue at length about release terms, and counsel simply added a few points of support.  Rice was therefore not deprived of "control over his own defense."  *McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984) ("Participation by counsel with a *pro se* defendant's express approval is . . . constitutionally unobjectionable.").[1]

What occurred thereafter was more problematic.  "Once a defendant makes an unequivocal request to proceed pro se, the court must hold a hearing—commonly known as a *Faretta* hearing—to determine whether the defendant is knowingly and intelligently forgoing his right to appointed counsel."  *United States v. Farias*, 618 F.3d 1049, 1051–52 (9th Cir. 2010).  Although Rice clearly requested to represent himself on March 6, the district court did not conduct the *Faretta* hearing until July 28, and in the interim struck a dozen pretrial motions because they were not filed by counsel.  Even assuming that some delay in addressing the issue can be attributed to Rice's failure to appear for the pretrial conference, the district court should have taken up the self-representation request more expeditiously.  *See Raulerson v. Wainwright*, 469 U.S. 966, 970 (1984) (Marshall, J., dissenting from the denial of certiorari) ("[O]nce a defendant affirmatively states his desire to proceed *pro se*, a court should cease other business and make

---

[1] Moreover, the magistrate judge did precisely what Rice personally requested—he released him on his own recognizance.

the required inquiry. . . . Delay in holding a hearing after the right is unequivocally asserted undermines that right by forcing the accused to proceed with counsel in whom he has no confidence and whom he may distrust."); *Buhl v. Cooksey*, 233 F.3d 783, 794 (3d Cir. 2000) ("Once Buhl properly asserted his right to proceed *pro se* the trial court was obligated to undertake an appropriate inquiry under *Faretta* . . . ."); *Brown v. Wainwright*, 665 F.2d 607, 612 (5th Cir. 1982) (en banc) (stating that a trial court may not "unduly defer a ruling on a firm request by defendant to represent himself"); *see also McKaskle*, 465 U.S. at 174 (noting that a defendant's right to self-representation "plainly encompasses" the right "to make motions").

Rice contends that the delay in taking up his self-representation request and the striking of his motions violated the Sixth Amendment and resulted in structural error. The Supreme Court has found denial of the right of self-representation to be structural error because it deprives a defendant "a fair chance to present his case in his own way," *McKaskle*, 465 U.S. at 177 & n.8, thus undermining "the fairness of a criminal proceeding as a whole," *United States v. Davila*, 133 S. Ct. 2139, 2149 (2013).

But, we find no Sixth Amendment violation in this record as a whole. The district court's actions during the July 28 initial appearance and arraignment on the failure-to-appear charges ensured that there was no constitutional violation. When the court granted Rice's request to proceed pro se, it invited him to refile all motions and extended the time to file motions to a date to which Rice stipulated, some three months away. And, trial was set for February 22, 2010; Rice thus had *more* time to prepare for trial than if his motion had been

granted at the original March 6 initial appearance and arraignment.

In short, the district court reset the game clock on July 28, placing Rice in the same situation as would have obtained had the magistrate judge granted the *Faretta* motion at the March 6 appearance and arraignment. Rice thus received precisely what the Sixth Amendment guarantees, "a fair chance to present his case in his own way." *McKaskle*, 465 U.S. at 177. Because there was no Sixth Amendment violation, there was no structural error. *See Carroll v. Daugherty*, 764 F.3d 786, 789–90 (7th Cir. 2014) (finding no structural error when the alleged error "has already been corrected" by the trial court); *United States v. Lee*, 760 F.3d 692, 695 (7th Cir. 2014) (holding that denial of a defendant's right to represent himself at a pre-trial suppression hearing was cured by remanding for a "re-do" of the hearing).

### III.

We also find no violation of Rice's statutory right to a speedy trial. The Speedy Trial Act requires trial to "commence within seventy days from the filing date . . . of the information or indictment." 18 U.S.C. § 3161(c)(1). If a defendant is absent on the trial date and a "subsequent appearance before the court on a bench warrant or other process . . . occurs more than 21 days after the day set for trial," the 70-day clock begins to run anew at the subsequent appearance. *Id.* § 3161(k)(1).

Rice failed to appear for his original trial date. His next appearance before the district court was on January 19, 2012. *See id.* Rice's trial began 186 days later on July 23, 2012. Of that period, 132 days were excluded because Rice stipulated

to continue the trial from March 13 to July 23, 2012.  Thus, Rice's trial began 54 non-excludable days after his January 19, 2012 appearance, well within the 70-day statutory limit.

## IV.

"[I]n the case of a jointly undertaken criminal activity . . . acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction" are included in the calculation of a defendant's base offense level. U.S.S.G. § 1B1.3(a)(1)(B)–(2). However, "[a] defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." *Id.* § 1B1.3, cmt. 2. The government concedes that the sentence, restitution, and forfeiture imposed by the district court were based on a loss amount that included money laundered before Rice joined the conspiracy.  In light of this concession, we remand for resentencing and recalculation of restitution and forfeiture.

## V.

For the reasons above, we **AFFIRM** Rice's conviction, but **VACATE** his sentence, and **REMAND** to the district court for resentencing and recalculation of restitution and forfeiture.