**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2016[*]
Decided October 7, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3345

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:12-cr-00095-CNC-1 |
| DANIEL T. LEE, *Defendant-Appellant*. | C.N. Clevert, Jr., *Judge*. |

**O R D E R**

This appeal concerns a ruling on a motion to suppress evidence. Daniel Lee was charged with robbing four pharmacies, 18 U.S.C. § 1951(a), possessing a firearm as a felon, *id.* § 922(g)(1), and possessing prescription narcotics with intent to distribute,

---

[*] This appeal is successive to case number 13-1976 and has been submitted under Operating Procedure 6(b) to the two members of the original panel who remain on this court. Judge John Daniel Tinder, the third member of the original panel, has retired since the time of our original decision. He has been replaced at random by Judge David Hamilton. We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

21 U.S.C. § 841(a)(1). The district court allowed Lee to represent himself at trial, but it prohibited him from doing so at the pretrial suppression hearing, which he lost. After he was convicted at trial, the district court sentenced him to 780 months' imprisonment. During Lee's first appeal, we vacated his conviction on the ground that the district court should have allowed Lee to represent himself at the suppression hearing. We ordered a new hearing and, only if the district court granted suppression, a new trial. *See United States v. Lee*, 760 F.3d 692 (7th Cir. 2014). After a new hearing, the district court again denied Lee's motion to suppress and reinstated its previous judgment. Lee appeals again, challenging how the district court handled the remand. Because probable cause and a valid warrant justified the police activity that led to the discovery of the evidence that Lee wants suppressed, we affirm.

Lee's arrest—and the events giving rise to his motion—came on the heels of the fourth and final robbery. That robbery was committed by two African-American men. One of them, later identified as Lee, carried a large revolver and wore a blue surgical mask and black knit hat. His accomplice wore a ski mask and carried a bag containing several pairs of handcuffs. Lee ordered the store's customers and employees to the floor while his accomplice handcuffed them. The two men then fled after taking OxyContin, morphine, a cell phone, and cash.

Once police arrived on the scene, a postal worker reported that shortly before the robbery he had seen a black sports car slowly circling the pharmacy. The postal worker, who described the driver as a black male, said he became suspicious and recorded the car's license plate after noticing that someone appeared to be crouching in the back seat of the car and that the car had been parked in an alley for several minutes. The police checked the license plate and learned that Lee had rented the car and that he was on parole for armed robbery. They placed Lee's home under surveillance, and, a few hours after the robbery, an officer spotted the rental car with four occupants.

The officer stopped the car and frisked Lee, who was driving. After taking Lee's keys and cell phone, the officer placed him in the back of the squad car. Two other officers briefly searched the passenger compartment of the car, where they found a box of surgical masks and a merchandise tag for a knit hat. A fourth officer arrived about five minutes after the stop. He had been at the pharmacy reviewing security videos and confirmed that Lee fit the description of one of the robbers depicted in those videos. Lee was arrested, and was found to have $1600 in cash. Conducting an inventory search of the car, the police found a black knit hat and a box of .44 caliber bullets. After obtaining a warrant to search Lee's home, the police uncovered more evidence linking him to the

robberies: two handguns, handcuffs, and bottles of prescription drugs containing labels from the robbed pharmacies.

As we mentioned, in the motion to suppress that preceded the first appeal, Lee did not represent himself. His attorney argued that the police had lacked probable cause to arrest him for the fourth robbery and that the court should suppress the evidence the police found in the rental car and house. A magistrate judge recommended denying the motion on the ground that the police officer who stopped his car had probable cause to believe that the vehicle was used in the robbery that day. The district judge agreed to deny the motion, but for different reasons. He thought that the search of the car had been unlawful because there wasn't a "clear tie" between the car observed by the postal worker and the robbery. But, the judge reasoned, probable cause to arrest Lee and search his car was established once the officer who had seen the surveillance footage arrived on the scene. The judge also ruled that the discovery of the evidence in the car was inevitable since the car was lawfully inventoried.

On remand the district judge conducted a new suppression hearing, with Lee representing himself. After three-and-a-half days of testimony, the judge again denied Lee's motion. This time the judge was "persuaded based upon the totality of the circumstances and collective knowledge of the police at the time the vehicle was detained that there was a basis not only for the stop of the vehicle but also for [Lee's] arrest" and the searches that followed.

On appeal for a second time, Lee first argues that this court erred in the first appeal when ruling that he would be entitled to a new trial only if he prevailed at the new suppression hearing. As Lee sees it, the denial of his right to self-representation was a structural error not subject to harmless-error review, so he is entitled to "automatic reversal" of his conviction. But we rejected these same arguments when we denied Lee's petition for rehearing, and, under the law-of-the-case doctrine, we may upset our prior ruling only if we were convinced that it was manifestly erroneous. We perceive no error in our prior opinion, manifest or otherwise. As we previously explained, granting Lee a new trial at this point "would be a windfall for the defendant, and not in the public interest." *See Lee*, 760 F.3d 696 (quoting *Waller v. Georgia*, 467 U.S. 39, 50 (1984)).

He next argues that the district court denied him a "full and fair" rehearing on his motion to suppress by denying on relevance grounds Lee's requests to question witnesses about the surveillance footage from the fourth pharmacy. This proposed line of inquiry appears to stem from two apparent inaccuracies in statements made by the

robbery's witnesses. First, they estimated that the robbers—who, remember, wore masks—were between 20 and 30 years old, whereas Lee was 49 at the time. Second, one witness reported that someone else—who the police didn't interview—had told the witness that the robbers fled in what was "possibly" a blue car, whereas Lee's car was black. From these discrepancies, Lee speculates that the police may have edited the video to exclude footage showing potential suspects other than Lee and his accomplice.

We agree with the district judge that Lee's proposed line of inquiry about whether the video had been edited was irrelevant. Even if other footage might have pointed to other potential suspects for the police to investigate, that wouldn't remove the probable cause that the police had to arrest him and search his car. Probable cause exists when the facts and circumstances known to the officer at the time of the arrest would lead a reasonable person to believe the arrestee had committed an offense. *See United States v. Sands*, 815 F.3d 1057, 1062 (7th Cir. 2015); *United States v. Shields*, 789 F.3d 733, 745–46 (7th Cir. 2015). Critically, "[p]robable cause does not require legal certainty, nor does it demand that all the facts in the officer's possession point in only one direction." *Zappa v. Gonzalez*, 819 F.3d 1002, 1005 (7th Cir. 2016); *see Fox v. Hayes*, 600 F.3d 819, 833 (7th Cir. 2010) (observing that "it does not take much to establish probable cause"). The police knew (from the postal worker's detailed tip) that a car with two occupants (one trying to hide in back) had cased the pharmacy and parked in the nearby alley shortly before two people robbed it. They knew that Lee had rented that car and was on parole for armed robbery. And they knew from the surveillance footage and the witness reports that Lee matched the description of one of the robbers. These facts supplied probable cause to stop him in that car soon after the robbery, arrest him, and search the car. *See United States v. Tilmon*, 19 F.3d 1221, 1225–28 (7th Cir. 1994) (reasonable suspicion developed into probable cause based on "the exact match of a unique automobile with a driver fitting the general description of the bank robber"). Thus the district judge did not err in limiting Lee's opportunity to elicit irrelevant testimony.

Finally, Lee maintains that the warrant authorizing the search of his house was invalid. According to Lee, the judge who issued the search warrant had no reason to believe that police would find the items taken during the robbery at Lee's home. That contention is frivolous. The affidavit accompanying the warrant application recounted that: (1) a postal worker reported a car drive around and park near the pharmacy just before the robbery; (2) Lee had rented the car; (3) Lee was on parole for armed robbery; (4) after arresting Lee in the car on the day of the robbery and searching it, the police found surgical masks and a knit hat—both used during the armed robbery—and bullets.

Under these circumstances, the judge who issued the search warrant reasonably concluded that police might find further evidence tying Lee to the robbery at his home. Moreover, even if the search warrant were invalid in some way, the police reasonably relied on the warrant in good faith, so the district court would not have suppressed evidence from Lee's home anyway. *See United States v. Leon*, 468 U.S. 897, 922–23 (1984); *United States v. Reichling*, 781 F.3d 883, 889 (7th Cir. 2015).

AFFIRMED.