139 Nev., Advance Opinion 55

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

TASHAMI J. SIMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 84904-COA

**FILED**

DEC 07 2023

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, entered pursuant to a guilty plea, of assault with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Jasmin D. Lilly-Spells, Judge.

*Affirmed.*

Zaman Legal LLC and Waleed Zaman, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jonathan E VanBoskerck, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE COURT OF APPEALS, GIBBONS, C.J., and BULLA and WESTBROOK, JJ.

23-39666

*OPINION*

PER CURIAM:

Criminal defendants have the unqualified right to represent themselves at trial so long as their waiver of the right to counsel is knowing, voluntary, and intelligent. To protect this fundamental right, district courts should generally conduct a *Faretta*[1] canvass when a competent defendant makes a timely and unequivocal request for self-representation. *See O'Neill v. State*, 123 Nev. 9, 17, 153 P.3d 38, 43 (2007). In this case, we address, for the first time, whether an unequivocal request for self-representation can be subsequently abandoned by the defendant, obviating the need for a *Faretta* canvass. We conclude that a defendant can abandon an unequivocal request to represent themselves where the district court has not conclusively denied the request and the totality of the circumstances, including the defendant's conduct, demonstrates that the defendant has abandoned their request. As discussed in detail below, we further conclude that appellant Tashami J. Sims unequivocally requested to represent himself, the district court did not conclusively deny the request, and Sims subsequently abandoned his request. Therefore, we affirm the judgment of conviction.

*PROCEDURAL AND FACTUAL HISTORY*

Sims pleaded guilty to assault with the use of a deadly weapon. The district court set a sentencing date of April 25, 2022. Sims' counsel was unable to appear on that date because of a personal matter, and an associate of counsel's appeared instead. At that hearing, the district court indicated it was still waiting for an update from the mental health court as to whether

---

[1]*Faretta v. California*, 422 U.S. 806 (1975).

that specialty court would accept Sims. Based on these circumstances, associated counsel asked that the sentencing hearing be continued for 7 to 10 days.

Sims did not want the hearing continued, and when he learned that associated counsel was not prepared to go forward with the sentencing on that date, Sims stated, "Okay. Well, I'll go pro per." The district court informed Sims that sentencing was not going forward that day, and Sims reiterated that he could represent himself at sentencing:

> THE DEFENDANT: I can—I can go pro per and then I'll go do my own sentencing. And I'll do it just like that. 'Cause I don't want—we've been doing this—we just waived it.
>
> THE COURT: I understand Mr. Sims, but we're only going to continue it 'till like Wednesday to see an update. It's not going to be—
>
> THE DEFENDANT: That's still—Your Honor, I'm just trying to see if I got accepted. If I didn't get accepted then I'm ready to proceed right now.
>
> THE COURT: Okay. We are not proceeding today. So I can continue it to Wednesday or we can continue it for a minute for you to find out.
>
> THE DEFENDANT: I would like—I would like to exercise my *Faretta* rights.
>
> THE COURT: Mr. Sims, it's not happening right now.
>
> THE DEFENDANT: So I can't—
>
> THE COURT: Continue it to Wednesday.
>
> THE DEFENDANT: So I can't go pro per right now?
>
> THE COURT: No, Sir.

Two days later, Sims appeared at the continued sentencing hearing with associated counsel and before the same judge who had presided over the previous hearing. A continuance was again granted to

COURT OF APPEALS
OF
NEVADA

(O) 1947B

3

allow the State to procure the victim witnesses and for Sims to provide further evidence to the specialty court regarding his mental health history. Associated counsel stated he talked with Sims and they were collaborating to get Sims' mental health records to the mental health court. The district court asked Sims if this was correct, and he agreed. Sims did not reassert his request to represent himself, and the sentencing hearing was continued a final time to May 25, 2022.

At the final sentencing hearing, the district court asked if there was "[a]ny legal reason or cause why we can't move forward." Counsel answered in the negative. Shortly thereafter, Sims was allowed to speak, and again, he did not reassert his request to represent himself. Instead, he explained he has a history of drug abuse and mental health issues and that he wanted to be placed in either the mental health court or drug court. Counsel stated that the mental health court had rejected Sims but that the drug court had accepted him and argued that Sims should participate in the drug court. Although the district court thought Sims could benefit from treatment, it determined that Sims was a danger to society and sentenced him to 20 to 72 months in prison.

## ANALYSIS

Sims argues the district court erred by not conducting a *Faretta* canvass prior to denying his unequivocal request to represent himself. Criminal defendants have a Sixth Amendment right to represent themselves so long as the waiver of the right to counsel is intelligent and voluntary. *See O'Neill*, 123 Nev. at 17, 153 P.3d at 43. Upon invocation of the right to self-representation, the district court should conduct a *Faretta* canvass to ensure the waiver of the right to counsel is made knowingly, voluntarily, and intelligently. *Id.* "A district court may . . . deny a defendant's request for self-representation where the request is untimely,

the request is equivocal, the request is made solely for the purpose of delay, the defendant abuses his right by disrupting the judicial process, or the defendant is incompetent to waive his right to counsel." *Id.* at 17, 153 P.3d at 44 (internal quotation marks omitted).

The parties do not dispute that Sims' request to represent himself was unequivocal. Further, the State does not allege, and the record does not reflect, the existence of any of the reasons listed in *O'Neill* for denying a defendant's request to represent themselves. Rather, the State argues that Sims abandoned his request for self-representation by not renewing the request in subsequent hearings.[2] Sims replies that his failure to reiterate his request for self-representation did not absolve the district court of its initial duty to conduct a *Faretta* canvass and, in turn, the district court's failure to conduct a canvass was reversible error.

The improper denial of a defendant's right to self-representation at trial is a structural error that is not subject to harmless

---

[2]The State also argues that Sims is not entitled to relief because he did not knowingly and voluntarily waive his right to counsel. In explanation, the State emphasizes that (a) Sims said he wanted to represent himself in order to avoid any delay in sentencing but (b) the sentencing court was determined to continue the hearing regardless. The State's argument necessarily fails. It wrongly suggests that a defendant may automatically negate their right to self-representation by stating a motive. *See Buhl v. Cooksey*, 233 F.3d 783, 794 (3d Cir. 2000) ("[A] defendant's constitutional right of self-representation is not automatically negated by his/her motivation for asserting it."). More importantly, the State's circular argument overlooks that the very purpose of a *Faretta* canvass is to determine whether a request for self-representation constitutes a knowing, voluntary, and intelligent waiver of the right to counsel. *See O'Neill*, 123 Nev. at 17, 153 P.3d at 43. Because the purpose of the canvass is to determine the validity of the waiver, a canvass cannot be avoided by a predetermination that the waiver is not valid. In light of these considerations, the State's argument is unpersuasive.

error analysis when the error is both preserved and not abandoned. *United States v. Williams*, 29 F.4th 1306, 1313 (11th Cir. 2022); *see also United States v. Gonzalez-Lopez*, 548 U.S. 140, 149 n.4 (2006) (explaining structural error and listing the right to self-representation as an example); *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984). "[O]nce a defendant affirmatively states his desire to proceed pro se, a court should cease other business and make the required inquiry . . . ." *United States v. Rice*, 776 F.3d 1021, 1025 (9th Cir. 2015) (alteration in original) (quoting *Raulerson v. Wainwright*, 469 U.S. 366, 369 (1984) (Marshall, J., dissenting)); *see also Batchelor v. Cain*, 682 F.3d 400, 412 (5th Cir. 2012) (providing that "the trial court should have initiated a colloquy"). However, it does not necessarily follow that a failure to conduct a *Faretta* canvass is the equivalent of denying a defendant the right of self-representation. *See Hooks v. State*, 124 Nev. 48, 52, 176 P.3d 1081, 1083 (2008) (concluding that "the district court's failure to conduct a thorough canvass does not per se require reversal"); *Hymon v. State*, 121 Nev. 200, 212-13, 111 P.3d 1092, 1101 (2005); *see also Rice*, 776 F.3d at 1025-26 (concluding no Sixth Amendment violation occurred despite the court's failure to immediately conduct a *Faretta* canvass). Rather, "the primary focus must be on whether the defendant had a fair chance to present his case in his own way." *McKaskle*, 465 U.S. at 177.

Just as "a defendant's pre-trial decision to proceed with counsel does not constitute an absolute waiver of his right to represent himself,'" once the right to self-representation has been asserted, it "may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request altogether." *Williams v. Bartlett*, 44 F.3d. 95, 100 (2d Cir. 1994) (quoting *United States v. Matsushita*, 794 F.2d 46, 51 (2d Cir.

COURT OF APPEALS
OF
NEVADA

(O) 1947B

6

1986)); *see also Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982). This is because, whereas the right to counsel is presumed, *see* U.S. Const. amend. 6 ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."), the right to represent oneself must be affirmatively asserted, *see O'Neill*, 123 Nev. at 17, 153 P.3d at 44 (providing a trial court may deny an equivocal request for self-representation). Accordingly, it stands to reason that the right to self-representation is more easily lost than is the right to counsel. *Brown*, 665 F.2d at 611 ("Since the right of self-representation is waived more easily than the right to counsel at the outset, before assertion, it is reasonable to conclude it is more easily waived at a later point, after assertion.").

However, as Sims points out, a defendant should not have to continuously reassert a right in order to preserve for review the denial of that right. *See Buhl*, 233 F.3d at 796 (stating that a defendant's failure to renew their request for self-representation "is irrelevant because the law imposes no such obligation as a condition precedent to preserving one's right to proceed pro se"). "[A] defendant is not required continually to renew a request once it is conclusively denied or to 'make fruitless motions or forego cooperation with defense counsel in order to preserve the issue on appeal.'" *Orazio v. Dugger*, 876 F.2d 1508, 1512 (11th Cir. 1989) (quoting *Dorman v. Wainwright*, 798 F.2d 1358, 1367 (11th Cir. 1986)). That is, once the district court has conclusively denied a request for self-representation, the issue is preserved for appeal. But where the district court has not conclusively denied a request for self-representation, the right to self-representation may be abandoned if the defendant does not reassert the request. *See Wilson v. Walker*, 204 F.3d 33, 38-39 (2d Cir. 2000).

Because Sims made an unequivocal request to represent himself, the district court, ideally, should have canvassed him as to the validity of his waiver. However, the district court did not. We therefore must determine whether the district court conclusively denied the request or if Sims abandoned that request.

*The district court did not conclusively deny the request*

First, this court must determine whether the district court conclusively denied Sims' request to represent himself. The weight of authority indicates that a trial-level court conclusively denies a request for self-representation when the reason given for denial would make any future request futile.

For example, the United States Court of Appeals for the Ninth Circuit reasoned that any future request by a defendant would be futile where the lower court had "made absolutely clear that [his] first choice, self-representation, was not an available option." *United States v. Arlt*, 41 F.3d 516, 522 (9th Cir. 1994). There, the lower court had denied a request for self-representation upon finding that the defendant could not represent himself competently because his motion was "rambling and illogical." *Id.* at 518. Similarly, in another case from the same circuit, the lower court denied the defendant's request for self-representation because the defendant was incapable of putting on an effective defense. *United States v. Hernandez*, 203 F.3d 614, 621-23 (9th Cir. 2000), *overruled on other grounds by Indiana v. Edwards*, 554 U.S. 164, 177-78 (2008). The Ninth Circuit concluded that, given the reason for the denial, "there was no reason for Hernandez to believe that on the day of trial the judge would suddenly change his mind and decide that Hernandez had become a competent trial advocate." *Id.* at 622.

Other jurisdictions have employed similar reasoning. The United States Court of Appeals for the Second Circuit held that a lower court's ruling (that the defendant lacked the education to represent himself) "was categorical, and expressly relied on the advanced stage of proceedings and the defendant's lack of education—obstacles that were not going to be removed before trial." *Williams*, 44 F.3d at 101. And the California Supreme Court held that a trial court ruling that a defendant could not represent himself because he was facing the death penalty was "unequivocal, and foreclosed any realistic possibility defendant would perceive self-representation as an available option." *People v. Dent*, 65 P.3d 1286, 1289 (Cal. 2003).

The common theme in each of these cases is that the appellate courts concluded that the explanation given for denying a defendant the right of self-representation made it clear that any future request would be futile. A person's education, ability to put on a defense, and potential punishment are not subject to change before trial. Because any future requests would be futile, the lower court rulings constituted conclusive denials of the defendants' requests for self-representation.

Conversely, courts have held that the denial of the right to self-representation is not conclusive when a future request would not necessarily be futile. For example, the trial-level court does not conclusively deny a defendant the right to self-representation when the defendant is informed they can reassert the right at a later time. *See, e.g., People v. Tena*, 67 Cal. Rptr. 3d 412, 422-23 (Ct. App. 2007); *Swan v. Commonwealth*, 384 S.W.3d 77, 92-93 (Ky. 2012) (observing the defendant was told to consult with counsel and to reassert the motion if necessary). A delayed ruling is also not a conclusive denial. *See, e.g., Cheney v. State*, 236 So. 3d 500, 502-

03 (Fla. Dist. Ct. App. 2018) (concluding that there was no conclusive denial when the defendant agreed to continue with counsel while being evaluated for a particular defense). In each of these examples, the reason given for denying the defendant the right of self-representation did not suggest that any future request would be futile. Therefore, none of the denials constituted conclusive denials of the defendants' requests for self-representation.

In the instant case, the district court's reason for denying Sims' request did not foreclose the possibility that a future request might be granted. Specifically, the district court denied the request "right now," indicating that the request could be revisited. And Sims appeared to understand that he could reassert his request in the future because he clarified that he was not being allowed to represent himself "right now." We conclude the district court's denial of Sims' oral motion for self-representation was not a conclusive denial because the denial was not based on something that would render a future request futile.

*Sims' conduct indicated he abandoned his request*

Having concluded that Sims' request was unequivocal and that the district court did not conclusively deny it, this court must now consider whether Sims' conduct after the denial demonstrated that he abandoned his request. There are two competing approaches to determine whether a defendant, through their subsequent conduct, has demonstrated they have abandoned their request.

Some jurisdictions follow a per se rule when determining whether a defendant has abandoned their right to self-representation. Under this rule, if a defendant makes an unequivocal request to represent themselves, their failure to follow up on the request when they have the time and opportunity to do so constitutes an abandonment of the request.

COURT OF APPEALS
OF
NEVADA

(O) 1947B

10

*People v. Kenner*, 272 Cal. Rptr. 551, 555 (Ct. App. 1990).[3] The attraction of this rule is that it creates an easy-to-apply, bright-line test: if the defendant makes a request that is not conclusively denied and the defendant does not reassert the request, it is abandoned. Two considerations militate against this approach. First, such a bright-line rule may inadvertently encourage trial courts to unduly defer ruling on a defendant's unequivocal request to represent themselves simply because the defendant may change their mind. Second, by virtue of its being a bright-line test, the per se rule does not allow for nuance or extenuating circumstances.

Indeed, other jurisdictions have found the per se rule to be too strict and instead look to the totality of the circumstances to determine whether a defendant has abandoned their request for self-representation. The Arizona Court of Appeals has adopted this approach and set forth several factors to consider, including

> the defendant's opportunities to remind the court of a pending motion, defense counsel's awareness of the motion, any affirmative conduct by the defendant that would run counter to a desire for self-representation, whether the defendant waited until after a conviction to complain . . . , and the defendant's experience in the criminal justice system and with waiving counsel.

*McLemore*, 288 P.3d at 786. They also consider whether there was a relatively short period of time between the request and subsequent hearings such that the defendant did not have time to forget about their request. *Id.* at 786-87. Although lacking the simplicity of a per se rule, courts are

---

[3]It was first referred to as the "per se" rule in *State v. McLemore*, 288 P.3d 775, 784-86 (Ariz. Ct. App. 2012).

COURT OF APPEALS
OF
NEVADA

(O) 1947B

familiar with reviewing the totality of the circumstances. *See, e.g., Taylor v. State*, 132 Nev. 309, 320, 371 P.3d 1036, 1044 (2016) (applying a totality of the circumstances test to the reliability of pretrial identification procedures); *Stevenson v. State*, 131 Nev. 598, 603, 354 P.3d 1277, 1281 (2015) (applying a totality of the circumstances test to determine whether permitting withdrawal of a guilty plea before sentencing would be fair and just); *Harkins v. State*, 122 Nev. 974, 987, 143 P.3d 706, 714 (2006) (applying a totality of the circumstances test to determine whether a hearsay statement is testimonial for confrontation purposes); *Doyle v. State*, 116 Nev. 148, 158, 995 P.2d 465, 471 (2000) (applying a totality of the circumstances test to determine whether probable cause is present to support a search warrant); *Passama v. State*, 103 Nev. 212, 214, 735 P.2d 321, 323 (1987) (applying a totality of the circumstances test to determine whether a confession was voluntary). And it has the benefit of allowing courts to consider circumstances unique to a particular case.

Because it is both flexible and familiar, a test that considers the totality of the circumstances best serves the interests of both defendants who assert their right to represent themselves and the courts. Accordingly, we will review whether a defendant has abandoned their request for self-representation by considering the totality of the circumstances, including their conduct. We further adopt the factors set forth in *McLemore* to guide us in that consideration.

Applying the *McLemore* factors, we conclude Sims abandoned his request for self-representation. First, Sims had two opportunities to remind the district court in person of his request but did not, and nothing in the record before this court suggests that he attempted to file a written motion to dismiss counsel in the month between his initial request and his

final sentencing hearing. *See* EDCR 3.70 (stating a defendant who has counsel may file a motion to withdraw counsel pursuant to N.R.Cr.P. 3(2)(B)(ii)). Second, the defense team knew of Sims' request because associated counsel was present when Sims made it. Third, Sims' actions of collaborating with counsel regarding his mental health records ran counter to a desire to represent himself. Fourth, Sims waited until after his conviction to complain about the denial of his request. Fifth, Sims has experience in the criminal justice system, although the record does not indicate whether Sims ever sought to represent himself in his prior cases. Finally, the time between hearings was relatively short: there were only 2 days between the initial request and the next hearing and 30 days between the initial request and sentencing, making it unlikely that Sims forgot his expressed desire to represent himself. Thus, the totality of the circumstances demonstrates Sims abandoned his request to represent himself.

## CONCLUSION

A defendant may abandon an unequivocal request for self-representation where the district court did not conclusively deny the request. And we will consider the totality of the circumstances in determining whether a defendant has in fact abandoned such a request. Here, Sims made an unequivocal request to represent himself, which the district court did not conclusively deny. After considering the totality of the circumstances, we conclude that Sims abandoned his request for self-representation and, thus, that Sims is not entitled to relief for the district

court's failure to conduct a *Faretta* canvass. Therefore, we affirm the judgment of conviction.

_____, C.J.
Gibbons

_____, J.
Bulla

_____, J.
Westbrook

COURT OF APPEALS
OF
NEVADA

(O) 1947B