**2024 UT App 158**

### THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
RHUAN CAMPBELL,
Appellant.

Per Curiam Opinion
No. 20230192-CA
Filed November 7, 2024

Third District Court, Salt Lake Department
The Honorable Dianna Gibson
No. 221909364

Emily Adams and Freyja Johnson,
Attorneys for Appellant

Sean D. Reyes and Connor Nelson,
Attorneys for Appellee

Before JUDGES DAVID N. MORTENSEN, RYAN D. TENNEY,
and JOHN D. LUTHY.

PER CURIAM:

¶1      Rhuan Campbell appeals his convictions for electronic communication harassment and stalking. Campbell alleges that the district court erred in denying his request to represent himself. We affirm.

¶2      Campbell contends that the district court erroneously denied his constitutional right to represent himself. However, although the record demonstrates that Campbell at times requested leave to represent himself, he withdrew or abandoned each such request before the court could rule on it. "A defendant may abandon an unequivocal request for self-representation where the district court did not conclusively deny the request.

And we will consider the totality of the circumstances in determining whether a defendant has in fact abandoned such a request." *Sims v. State*, 541 P.3d 130, 137 (Nev. App. 2023) (per curiam); *see also State v. Campbell*, No. 16-0550, 2017 WL 2464070, at *8 (Iowa Ct. App. June 7, 2017) (stating that "there was no pre-trial violation of [the defendant's] right to self-representation, either because [the defendant] withdrew his request to represent himself or because he impeded the court in establishing that his waiver of his right to counsel was knowing and intelligent"); *People v. Kenner*, 272 Cal. Rptr. 551, 554 (Ct. App. 1990) (stating that the right to self-representation "may be waived through [the] defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether" (cleaned up)).

¶3　　At a pretrial conference on January 12, 2023, Campbell complained that his counsel was not following Campbell's preferred trial strategy. During the ensuing discussion with the court, the possibility was raised of Campbell representing himself. In response, the court informed Campbell that he had three options: keep his current appointed counsel, hire his own counsel, or represent himself. Campbell responded that he did not want to represent himself. The court concluded the hearing by encouraging Campbell, his trial counsel, and trial counsel's supervisor to get together to work out the issues between them.

¶4　　The issue arose again at a status conference about two weeks later. Trial counsel's supervisor appeared at that hearing. The supervising attorney initially indicated that the defense was working well together and getting most of their issues resolved. However, Campbell soon began complaining that his counsel would not file a complaint against the West Valley City Police. The court attempted to explain to Campbell that his appointed counsel could not pursue any such action and that counsel's only job was to defend Campbell against the criminal charges. At the end of that conversation, Campbell said, "I want to stand by myself. I don't want an attorney." The court cautioned Campbell

about making such a hasty decision in the heat of the moment. It then told Campbell that there was going to be a hearing on February 10, 2023. The court stated that if at that time Campbell still wanted to represent himself, it would conduct the appropriate colloquy with him. At the hearing on February 10, 2023, trial counsel informed the court that the defense was ready to proceed to trial. Campbell was at the hearing and did not raise the issue of self-representation.

¶5 Trial began on February 28, 2023. Trial counsel gave his opening statement, which Campbell apparently did not like. In front of the jury, Campbell stated, "I have no attorney here, and I already [told] you twice I fired these people." He added, "I want to do it myself." At this point, the court took a recess to allow Campbell to have a private conversation with his counsel, noting that Campbell and the court could discuss the issue afterward. When Campbell returned, the court engaged in an extensive conversation with him in which the court discussed the perils of representing oneself without an appropriate understanding of the law or how to present evidence in support of the defense. During this conversation, Campbell stated that he wanted a new attorney or to represent himself. After the discussion, the court informed Campbell, "If you want to proceed without attorneys, then we can have that discussion." The court added that if he chose to represent himself, "there's several things that we have to address." The court specifically told Campbell that he had the right to represent himself but that it did not advise him to do so. Campbell responded that he was going to represent himself. At this point the court asked, "Are you asking for a continuance? Do you want to move forward [today] on your own? Do you want to move forward with representation?" Campbell then answered that he wanted his case heard and he wanted to be represented but that he just wanted different counsel.

¶6 Based on that statement, the court discussed with the trial attorneys what they thought should be done. They responded that

they were ready for trial but that it was Campbell's choice as to whether and how to proceed. At that point, Campbell again spoke up, saying, "[I]f you want to represent me, I want to hear your statement before you present it to the jury . . . ." The court then advised Campbell to speak with his counsel in private one more time rather than discussing attorney-client matters in front of the court. The court then informed Campbell of his remaining options: move forward with counsel or represent himself. The court told Campbell that if he chose the second option, the court would have to decide if he could represent himself and whether a continuance would be proper where the jury was already seated. Upon returning, Campbell told the court that he agreed to let the attorneys represent him but that he did not want to stay in court to hear the "lies" that people would be saying about him. At this point, the court had another conversation with Campbell, explaining how important it was for Campbell to assist counsel in his defense. Eventually, Campbell agreed to stay in the courtroom and assist counsel in his defense. The trial took place with no further issues.

¶7     The record demonstrates that Campbell clearly invoked his right to represent himself on two occasions and at least raised the issue on a third occasion. However, the record also demonstrates that the district court never specifically ruled on Campbell's requests. Instead, each time, the court deferred making a decision on the issue and encouraged Campbell to discuss the matter with his attorneys. On each occasion, Campbell eventually resolved his issues with counsel and allowed them to continue representing him. Campbell now argues that the court's deferral of its ruling operated as a de facto denial of his oral motions. However, "[a] trial court is entitled to defer ruling on an otherwise proper motion to self-represent." *State v. Kinney*, No. 47867-6-II, 2017 WL 359102, at *1–2, *4 (Wash. Ct. App. Jan. 24, 2017) (concluding that the trial court did not violate the defendant's right to self-representation when, after raising the request and after the court discussed the serious risks of self-representation, the defendant

ultimately changed his mind before the court ruled on the issue); *see also State v. Englund*, 345 P.3d 859, 866 (Wash Ct. App. 2015) (concluding that the trial court did not violate the defendant's right to self-representation when it deferred his request until he filed a written motion). Further, each time the district court deferred its decision, it also expressly informed Campbell that if, after he had time to think about the decision and confer with counsel, he still wanted to invoke his right to self-representation, the court would have a conversation with him concerning the rights he was waiving and whether that waiver was knowing and voluntary. Thus, the district court's deferral of its ruling did not effectively deny the motions.

¶8    Campbell then withdrew or abandoned his motions for self-representation before the court could rule on them. Each time before the district court had the opportunity to rule on one of Campbell's motions, Campbell changed his mind. When at a status conference Campbell first stated, "I want to stand by myself. I don't want an attorney," the court told Campbell to think about the decision and discuss it with his attorney and that if he still wished to pursue self-representation at the pre-trial hearing, the court would entertain the motion. At that hearing, neither counsel nor Campbell raised the issue of Campbell representing himself. Instead, counsel indicated that they were ready for trial. Under the circumstances of this case, which included Campbell's numerous vacillations between wanting new counsel, wanting to represent himself, and being willing to work with his appointed counsel, such statements demonstrated a withdrawal of the motion or, at a minimum, a deferral of his request. *See Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982) (concluding that after the court had deferred a ruling on a motion for self-representation to allow the defendant to see if his differences with counsel could be resolved, the attorney's subsequent statement that he and the client had resolved their differences supported the conclusion that the motion had either been withdrawn or abandoned). Similarly, after hearing opening statements at trial, Campbell indicated that

he wanted to represent himself. The court took a recess to allow Campbell and his counsel to discuss the issue. After conversations with the court and his counsel, Campbell eventually told the court that he agreed to allow counsel to represent him. Therefore, Campbell's words and conduct demonstrate that he withdrew or abandoned his motions to represent himself. Accordingly, the district court did not err in failing to rule on those motions.

¶9    The decision of the district court is affirmed.

————————